UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALPINE STRAIGHTENING SYSTEMS, et al.,

    Plaintiffs,

v.                                                     Case No. 6:14-cv-6003-Orl-31TBS
                                                   MDL Case No. 6:14-md-2557-GAP_TBS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, et al.,

    Defendants.

PLAINTIFFS OBJECTION TO MAGISTRATES REPORT AND RECOMMENDATION

    COME NOW, The Plaintiffs in the above captioned cause and submit this, their objection to the Magistrates Report and Recommendation, Doc. No. 95, and state the following to the Court:

    With one exception discussed below, the Plaintiffs do not interpose objection to the Report and Recommendation.

**Count One:   Quantum Meruit**

    In its Report and Recommendation, the Court recommended dismissal of this claim without prejudice on two bases: (1) the Plaintiffs had entered into an express contract with the Defendants and therefore equitable remedies are unavailable; and (2) Plaintiffs' expectation of full payment for services rendered was unreasonable in light of the Defendants' history of refusing to make full payment in the past.

    With great respect, the Plaintiff requests the Court reconsider its findings in light of the following.

<u>Express Contract</u>

In finding the existence of an express contract between the parties, the Court relied upon both the assertion of same by the moving Defendants and language regarding DRPs in the Amended Complaint.

With respect to the former, as the Plaintiffs have not asserted the existence of a contract between them, have strongly denied the existence of any contract between them, the assertion by the Defendants of the existence of such can only be characterized as an affirmative defense. Under Rule 8(c) of the Federal Rules of Civil Procedure, any avoidance or affirmative defense must be set forth in the answer. The Defendant bears the burden of proof for affirmative defenses. *SE Prop. Holdings, LLC v. McElheney*, 2015 U.S. Dist. LEXIS 14632, *7 (N.D. Fla. Feb. 6, 2015), *Gambon v. R & F Enters.*, 2014 U.S. Dist. LEXIS 179125, (M.D. Fla. Dec. 2, 2014).

The Defendants' mere assertion of the existence of a contract does not establish its existence, thus the unquestionable allocation of proof upon the defendant for such claims. Under both Florida and Utah law, whether a contract has been formed is ultimately a conclusion of law determined by analysis of the contents of the purported contract. See, *Nunley v. Westates Casing Servs., Inc.*, 989 P.2d 1077 (Ut. 1999) and *Beharrie-Lue v. Felt Home Care, Inc.*, 2010 U.S. Dist. LEXIS 90189, , (S.D. Fla. July 28, 2010).

Mutual assent or the meeting of the minds may be proved by words spoken as well as by acts and conduct. Restatement of the Law of Contracts, Vo. 1, Chap. 3, § 21 says: "The manifestation of mutual assent may be made wholly or partly by written or spoken words or by other acts or conduct." *Thorton v. Pasch et al*. 104 Utah 313; 139 P.2d 1002; 1943, citing, 17 C. J. S., Contracts, p. 373, § 41a.

Further, the existence of an enforceable contract resulting from a "meeting of the minds" is to be determined not only by the words used, but in light of the parties' acts, conduct, and the entirety of the circumstances. see *Thornton Supra.*

In the present case, the Defendants have asked this Court to find the existence of a contract based upon a complaint, which does not actually allege the existence of a contract. The Court has not been presented with any document purporting to be a contract, has not reviewed the contents of such a document, has not determined the document constitutes an enforceable and binding contract. The Defendants have not even presented any information with which this Court may determine which state's law would apply to such an analysis.

The Plaintiffs' conduct and prior acts do not indicate the existence of a contract. On the contrary, Plaintiffs have been repeatedly punished by the Defendants through steering, defamatory statements impugning the integrity and quality of their work and other actionable conduct set out in the Complaint.

With respect to the contents of the Complaint, Plaintiffs respectfully disagree with the interpretation applied. Explicitly, nowhere in the Complaint do the Plaintiffs allege they have or ever had a valid contract with any Defendant. The Court assumes that DRPs represent valid, binding contracts.

As noted above, the Plaintiffs have not asserted the existence of a contract, nor pursued their business interactions as if there was a meeting of the minds. Even if one can reasonably assume an offer was ever made by any Defendant to any Plaintiff, it can equally be assumed there was no meeting of the minds as Plaintiffs have suffered the wrath of Defendants for their failure to comply with the fixed prices and other efforts by the Defendants.

In sum, the Defendants have asked this Court to allow them to leap frog over their affirmative obligations, excuse them from their burden of proof and make assumptions they should not be asking the Court to make.

Additionally, the Defendants' argument inchoately compels the conclusion that Plaintiffs are required to anticipate they would assert the existence of a contract and include assertions to defeat the same in the complaint. A plaintiff is not required to negate an affirmative defense in the complaint. *Perlman v. Bank of Am., N.A.*, 561 Fed. Appx. 810, 813 (11th Cir. 2014).

As the Plaintiffs did not assert the existence of a contract, nor are they required to negate the existence of the same in the complaint, and the Defendants bear the burden of pleading and proving the same, Plaintiffs respectfully submit their request this recommendation should be reconsidered.

**Count Three: Tortious Interference with Business Relations**

The issued Report and Recommendation submits the Plaintiffs must identify specifically which Defendants interfered with which Plaintiffs. Respectfully, this is not the pleading standard for Rule 8 of the Federal Rules of Civil Procedure.

Tortious interference claims are subject to Rule 8, requiring only a short and plain statement of the facts. In discussing Rule 8, the Supreme Court has stated most clearly, ""we do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (U.S. 2007).

The Report and Recommendation specifically contravenes express, unambiguous direction by the Supreme Court by requiring specific identification of each tortious interference by each Defendant against each Plaintiff.

Furthermore, the requirement seeks to compel Plaintiffs to produce information which is peculiarly within the possession and control of the Defendants. See, e.g., *Gaylor v. Ga. Dep't of Natural Res.*, 2012 U.S. Dist. LEXIS 115019 (N.D. Ga. Aug. 15, 2012).

Even were this actually a Rule 9(b) case, this level of specificity would not be required under the circumstances. Even asserting fraud, which is unarguably subject to the pleading requirements of Rule 9, courts have relaxed the specificity requirement where, as here, the full facts are within the possession and control of the Defendants. See, e.g., *Craftmatic Sec. Litigation v. Kraftsow*, 890 F.2d 628, 645 (3d Cir. Pa. 1989). Courts reached this conclusion because they "must be sensitive to the fact that application of Rule 9(b) prior to discovery may permit sophisticated defrauders to successfully conceal the details of their fraud." *Id.* (Internal punctuation omitted*).*

The present Recommendation imposes a higher pleading standard than any Rule of Procedure applicable, higher than the explicit direction and holdings of the Supreme Court.

Additionally, the Recommendation makes the unsupported assumption that preferred shops cannot be the victim of steering. Assuming the Court defines "preferred shop" as one associated with a DRP, the allegations of the Complaint stand in direct contradiction to this assumption. Paragraphs 43 and 91, for example allege DRP shops may be punished by steering (tortious interference) specifically to bring the nonconforming shop "back into line."

Which directly connects to the Recommendation finding the existence of a contract between the parties. The Recommendation not only places upon the Plaintiff the Defendants' affirmative defense requirements, forecloses two causes of action, and imposes a higher pleading requirement than even that required by Rule 9(b), it requires the Plaintiffs to set forth complete facts that are only within the possession and control of the Defendants.

Plaintiffs respectfully submit these burdens are not the Plaintiffs' to bear under authority of the Supreme Court and the State of Utah.

Respectfully submitted, this the 19th day of March, 2015.

**ALPINE STRAIGHTENING SYSTEMS, et al.,**

**BY:**   /s/ Allison P. Fry
John Arthur Eaves, Jr.
Allison P. Fry
William R. Sevier

*Attorneys for the Plaintiff*

John Arthur Eaves,
Attorneys at Law
101 N. State Street
Jackson, MS 39201
Telephone:   601-355-7961
Facsimile:   601-355-0530