# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ALPINE STRAIGHTENING SYSTEMS, et al.,

    Plaintiffs,

v.                                                    Case No: 6:14-cv-6003-Orl-31TBS
                                                    MDL Case No.: 6:14-md-2557-GAP-TBS

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.,

    Defendants.

## ORDER

On March 5, 2015, Magistrate Judge Smith issued a Report and Recommendation (Doc. 95), recommending that the Defendants' motions to dismiss (Docs. 14, 54, 70, 71, 82, and 88) be granted and that the Plaintiffs' First Amended Complaint (Doc. 13) be dismissed.[1] The Plaintiffs filed an objection (Doc. 97) to the Report and Recommendation, to which the Defendants responded (Docs. 98, 99).[2] By their objection, the Plaintiffs contest only the recommended dismissals of their claims for quantum meruit (Count I) and tortious interference with business relations (Count III).

---

[1] Magistrate Judge Smith also found that two motions to dismiss (Docs. 45 and 51) should be denied as moot, as they had been superseded by subsequent motions filed by the same Defendants. (Doc. 95 at 1).

[2] Defendant GEICO General Insurance Company also filed an objection (Doc. 96) to certain dicta in the Report and Recommendation as to whether the Defendants received a benefit for purposes of the Plaintiff's quantum meruit claim. As the language at issue did not affect the outcome of the Report and Recommendation, the Court will defer resolution of the objection until it becomes necessary.

With respect to the quantum meruit claim, the Magistrate Judge found this claim to be without merit because the Plaintiffs had alleged the existence of contracts – referred to as "DRPs" – between the Plaintiffs and the Defendants.  (Doc. 95 at 7).   In their objection, the Plaintiffs allege that the DRPs are not "valid, binding contracts."  (Doc. 97 at 3).   That may turn out to be the case, but at this point, the Plaintiffs have alleged the existence of these contractual relationships, and the Court is obligated to accept the allegations of the First Amended Complaint as true.   Moreover, this claim is precluded for the same reasons expressed by this Court in the companion MDL cases from Florida (Case No. 6:14-cv-310), Mississippi (Case No. 6:14-cv-6000), and Indiana (Case No. 6:14-cv-6001).

As for the tortious interference claim, Magistrate Judge Smith concluded that the allegations were implausible, in that the Plaintiffs were alleging that all of the Defendants were interfering with the business of all of the Plaintiffs, including those with whom the Defendants had DRPs.  (Doc. 95 at 11).   Magistrate Judge Smith concluded that the generalized, shotgun nature of the Plaintiffs' contentions does not satisfy the applicable pleading standard and recommended that, in any amended complaint, the Plaintiffs be required to specify which Defendants interfered with which Plaintiffs.   (Doc. 95 at 10).   The Plaintiffs contend that this is an impractical pleading standard because it seeks to compel them to produce information "which is peculiarly within the possession and control of the Defendants."   (Doc. 97 at 5).   But there is nothing in the Complaint that explains why the Defendants, but not the Plaintiffs, would have this information.   Surely the Plaintiffs must have some basis to believe that certain Defendants interfered with certain of the Plaintiffs' customers.   A general allegation that some unidentified Defendants – or all Defendants – interfered with some unidentified customers of some unnamed Plaintiff does not satisfy the requirements of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

- 2 -

Accordingly, it is hereby

**ORDERED** that

1. Plaintiffs' objection is **OVERRULED** and the Report and Recommendation of Magistrate Judge Smith is **CONFIRMED AND ADOPTED**; and

2. The following motions to dismiss are **GRANTED** as set forth above: Docs. 14, 54, 70, 71, 82, and 88; and

3. The following motions to dismiss are **DENIED AS MOOT**: Docs. 45, 51; and

4. The First Amended Complaint (Doc. 13) is **DISMISSED**.   Count II (quasi estoppel) is **DISMISSED WITH PREJUDICE.**   The remaining counts are **DISMISSED WITHOUT PREJUDICE**; and

5. The Plaintiffs may file an amended pleading not more than 21 days after the date of this order.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 27, 2015.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party