# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| IN RE: AUTO BODY SHOP ANTITRUST LITIGATION | MDL Docket no. 2557 |
| ALPINE STRAIGHTENING SYSTEMS, INC., dba ALPINE BODY SHOP, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al. <br><br> Defendants. | Case no. 6:14cv06003-GAP-TBS <br> (Originally filed in the D. of Utah) |

**ANSWER OF TO SECOND AMENDED COMPLINT**

Defendant, United Insurance Company dba United Insurance Group, by and through counsel, hereby answer the complaint of plaintiffs as follows:

**FIRST DEFENSE**

Plaintiffs fail to state a claim upon which relief may be granted.

**SECOND DEFENSE**

The following responses correspond numerically to the allegations of the complaint:

1.-27.    Denied for insufficient information.

28.    Admitted except United Insurance Group does business as United Insurance Company.

29.    Denied for insufficient information.

30. Admitted.

31. Admitted with respect to this defendant only.

32. Admitted subject to discovery showing otherwise.

33. Admitted only with respect to this defendant.

34. Denied for insufficient information.

35. Admitted only with respect to this defendant and only with respect to legitimate claims presented under applicable policies.

36.-39. Denied.

40.-45. Denied for insufficient information.

46.-47. Denied for insufficient information.

48. Admitted.

49.-50. Denied for insufficient information.

51. Admitted.

52.-60 Denied for insufficient information.

61. Denied for insufficient information.

62.-63. Admitted.

64.-69. Denied for insufficient information.

70. Denied with respect to this defendant.

71.-76. Denied for insufficient information.

77. Admitted.

78.-85. Denied for insufficient information.

86.-111. Denied with respect to this defendant. Denied for insufficient information with respect to other parties.

112.-299. These allegations appear to be all directed against other defendants and are denied for insufficient information. To the extent they are construed to be directed against this defendants, they are denied.

300. It would hard to conceive of a broader allegation. To the extent it is construed to imply wrong doing on the part of this defendants, it is denied.

301.-323. These allegations are denied so far as they are applied to this defendant and denied for insufficient information so far as they are implied to other parties.

324. Denied.

325.-331. Denied for insufficient information.

332.-336. This all appears to be nothing more than argument and is denied.

337.-345. Denied with respect to this defendant. Denied for insufficient information so far as it applies to other defendants.

346. Admitted subject to discovery showing otherwise.

347.-354. Denied for insufficient information.

355. Denied.

356. Admitted only so far as consistent with applicable law.

357. Admitted only that any agreed payment should be made. The allegation is otherwise denied.

358. Denied for insufficient information.

359. Denied with respect to this defendant.

360-365. Denied.

366. Admitted that Utah law requires automobile insurance coverage. The allegation is otherwise denied.

367.-370. Denied.

371.-376. Denied.

377. Admitted only so far as consistent with applicable law.

378.-380. Denied.

381.-382 Denied as argument. Admitted that the stated statutes exist.

383.-393. Denied.

394.-395. Admitted so far as consistent with applicable law.

396.-397. Denied as argument.

398.-405. Denied.

## THIRD DEFENSE

The fault of all persons whose acts or failure to act contributed to the alleged injuries of the plaintiffs should be compared and allocated including any act or failure to act of the plaintiffs.

## FOURTH DEFENSE

To the extent that Plaintiffs failed to mitigate their damages such mitigation is cause to reduce any award of damages to the plaintiff accordingly.

**FIFTH DEFENSE**

Plaintiffs' action is barred by the doctrine of *forum non conveniens.*

**SIXTH DEFENSE**

Plaintiffs' action is barred as defendant United Insurance Company is not subject to *in personam* jurisdiction before this Court.

**SEVENTH DEFENSE**

Plaintiffs' action is barred by the doctrine of accord and satisfaction.

**EIGHTH DEFENSE**

Plaintiffs' action is barred by estoppel in that plaintiffs have presented to this defendant the very State Farm data of which they now complain to demand United Insurance Company meet or exceed State Farm payment schedules.

**NINTH DEFENSE**

Plaintiffs' action is barred by the doctrine of laches.

**TENTH DEFENSE**

Plaintiffs' action is barred by release.

**ELEVENTH DEFENSE**

Plaintiffs' action is barred by the doctrine of *res judicata*.

**TWELFTH DEFENSE**

Plaintiffs' action is barred by the applicable statutes of limitation. The right to amend to specify the limitation is reserved pending articulation by plaintiff of any specific wrongful act.

## THIRTEENTH DEFENSE

Plaintiffs' action is barred by the provisions of 15 U.S.C. § 1012 to the extent defendant's business is regulated by Utah State law.

## FOURTEENTH DEFENSE

Plaintiffs' action is barred by the doctrine of *in pari delicto.*

## FIFTEENTH DEFENSE

Plaintiffs' action is barred by the doctrine of unclean hands, including that plaintiffs belong to a Utah association of body shops which hold meetings wherein price fixing of auto repair rates is discussed and agreed.

## SIXTEENTH DEFENSE

Defendant United Insurance Company further states that it has, or may have, further additional defenses that are not yet known or by which may become known through further discovery. Defendant United Insurance Company asserts each and every defense as may be ascertained through future discovery in this case and reserves the right to amend this answer.

**WHEREFORE**, having answered Plaintiffs' complaint, Defendant United Insurance Company requests that:

1. Plaintiffs' complaint be dismissed with prejudice, and that Plaintiffs' take nothing thereby;

2. Defendant United Insurance Company be awarded their attorney's fees and costs herein; and

3. The Court grant such further relief as it deems just and equitable.

**DATED** this 5th day of June, 2015.

                          KIPP AND CHRISTIAN, P.C.


                          /s/ Gregory J. Sanders
                        GREGORY J. SANDERS, Utah Bar No. 2858
                        S. SHANE STROUD, Utah Bar No. 15266
                        Attorneys for United Insurance Company
                        KIPP AND CHRISTIAN, P.C.
                        10 Exchange Place, 4th Floor
                        Salt Lake City, Utah    84111
                        Telephone: (801) 521-3773
                        gjsanders@kippandchristian.com
                        sstroud@kippandchristian.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 5th day of June, 2015, I caused a true and correct copy of the foregoing **ANSWER OF DEFENDANT UNITED INSURANCE COMPANY** to be e-filed through the United States District Court.

        /s/ Cheryl Browning