# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

| | |
|---|---|
| ALPINE STRAIGHTENING SYSTEMS, INC. d/b/a ALPINE BODY SHOP, et al.<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.,<br><br>Defendants. | Case No. 6:14-cv-06003-GAP-TBS<br>(Originally filed in D. Utah)<br>MDL Docket No. 6:14-md-2557-GAP-TBS<br><br><br>DISPOSITIVE MOTION |

## MOTION OF MOVING DEFENDANTS TO STRIKE THE
## SECOND AMENDED COMPLAINT AND SUPPORTING MEMORANDUM OF LAW

The undersigned Defendants[1] respectively file this Motion to Strike ("Motion") the untimely Second Amended Complaint brought by certain Utah auto body repair shops ("Plaintiffs").[2]

## PRELIMINARY STATEMENT

On April 27, 2015, this Court dismissed the First Amended Complaint[3] in this action. In its ruling, the Court made clear that "[t]he Plaintiffs may file an amended pleading not more than 21 days after the date of this order." Doc. 101 ("April 27, 2015 Order"). The twenty-first day after the date of the Court's April 27, 2015 Order was May 18, 2015. That deadline passed and, without seeking an extension from this Court and without notifying Defendants of any grounds

---

[1] The Defendants who have joined in this Motion are listed in Exhibit A, attached hereto.

[2] Second Amended Complaint, *Alpine Straightening Systems, Inc. d/b/a Alpine Body Shop, et al., v. State Farm Mut. Auto. Ins. Co., et al.,* No. 6:14-cv-06003-GAP-TBS, Doc. 102 (M.D. Fla. May 20, 2015) ("Utah Action").

[3] First Amended Complaint, No. 6:14-cv-06003-GAP-TBS, Doc. 13 (M.D. Fla. June 2, 2014).

for excusable neglect (legitimate or otherwise),[4] Plaintiffs unilaterally chose to file the Second Amended Complaint two days late on May 20, 2015, at 11:56 PM.

As a result of this untimely filing, under governing Eleventh Circuit case law and Federal Rule of Civil Procedure 15(a)(2), at midnight on May 18, 2015, the Court's April 27, 2015 Order dismissing the First Amended Complaint in the Utah Action *without prejudice* was converted to a dismissal *with prejudice*. Accordingly, the Court should grant Defendants' Motion and the Second Amended Complaint should be stricken.

## ARGUMENT

In its Order dismissing the First Amended Complaint in this Utah Action on April 27, 2015, the Court required Plaintiffs to file an amended pleading "*not more than* 21 days after the date of the Order." April 27, 2015 Order at 3. The Court was well within its judicial authority to set such a deadline. *See, e.g., Schuurman v. M/V Betty K V,* 798 F.2d 442, 445 (11th Cir. 1986) (stating that a district court may "provide for a stated period within which the plaintiff may amend the complaint"). Despite dating the Second Amended Complaint for the deadline of May 18, 2015 (Doc. 102 at 90), for whatever reason, Plaintiffs failed to timely file the Second Amended Complaint until two (and nearly three) days later on May 20, 2015.[5]

---

[4] Certain counsel for Plaintiffs also is counsel for other auto body shops in numerous copycat antitrust actions in this multidistrict litigation. Before the deadline passed for Plaintiffs to file the Second Amended Complaint in the Utah Action, certain Defendants filed a Notice with the Court concerning Plaintiffs' failure to meet the amendment deadlines in three other cases. *See* Notice, 6:14-md-2557-Orl-31TBS (M.D. Fla. May 1, 2015) (Doc. 188). Further, one Defendant filed a motion to strike the untimely pleading in another case in this MDL. *See* Motion to Strike, *Indiana AutoBody Assoc., Inc. v. State Farm Mutual, et al.*, 6:14-cv-06001-GAP-TBS ("Indiana Action") (M.D. Fla. May 1, 2015) (Doc. 153).

[5] Certain counsel for Plaintiffs in the antitrust actions have been apprised of failing to meet deadlines several times in this MDL. Indeed, the Second Amended Complaint was untimely just a day after some of Plaintiffs' counsel admitted failing to meet the Court's deadline in the Indiana Action. *See* Omnibus Response, Indiana Action (Doc. 158) (claiming it would be "an unnecessary waste of the Court's time and resources" if Plaintiffs were required to request an extension of the amended pleading deadline).

Under Federal Rule of Civil Procedure 6(d), when a judicial order does not call for a response "within a specified time after service" (whether by mail or electronically), no extra time is afforded.[6] *See, e.g., United States v. Hennigan*, No. 6:13-CV-1609-ORL-31, 2015 WL 2084729, at *2 n.3 (M.D. Fla. Apr. 30, 2015) (Presnell, J.) (rejecting party's contention that he was granted an additional three days to respond under Rule 6(d) and stating that when time is specified "in a Court order for a document to be *filed,* the respondent filing the document is not entitled to add three days for *'service'* of the document. Rule 6(d), which applies to service of papers by an attorney under Rule 5(b)(2), is simply inapplicable to orders of the Court which set filing deadlines, and are governed by Rule 5(d).") (emphases in original); *Estate of Miller ex rel Miller v. Ford Motor Co.*, No. 2:01-CV-545-FTM-29, 2004 WL 6235323, at *1 (M.D. Fla. Dec. 17, 2004) (rejecting argument that party had an additional three days for response to judgment served electronically where response was required "not later than fourteen (14) days following the entry of judgment," since "[t]he Eleventh Circuit [has] found that 'Rule 6(e) does not apply to time periods that are triggered by the entry of a judgment or an order'") (quoting *Staib v. Preprint Publ'g Co., Inc.,* 220 F.3d 589 (11th Cir. 2000)); *Hialeah Hosp., Inc. v. Aguiar*, No. 97–0038–CIV., 1997 WL 579168, at *3 (S.D. Fla. July 7, 1997) (stating that the Rule "applies only when a party is required to take some act within a prescribed period after *service* of notice by mail" and closing the case: "The Court's Order Granting Motion to Dismiss did not give Hialeah the right to file an amended complaint within a prescribed period after service of notice by mail. Instead, the Order Granting Motion to Dismiss gave Hialeah the right to file an amended complaint within a prescribed period after the *date of the Order.* Thus, Rule 6(e) is inapplicable, and Hialeah was not entitled to the three additional days for mailing described in that Rule.")

---

[6] Rule 6(e) was renumbered as Rule 6(d) in the 2007 amendments to the Federal Rules of Civil Procedure.

(emphasis in original).⁷ Thus, since the Court's April 27, 2015 Order did not give Plaintiffs the right to file their Second Amended Complaint within a prescribed period after service of notice, Plaintiffs had to (and did not) file by the Court-ordered deadline of May 18, 2015.

After that point, pursuant to governing Eleventh Circuit law, and the law of this Court, the Court's April 27, 2015 Order became final and appealable. *See Hertz Corp. v. Alamo Rent-A-Car, Inc.,* 16 F.3d 1126, 1132 (11th Cir.1994) ("Once the court has identified the date upon which the leave to amend expires, that expiration date becomes the date of the *final* order unless the court grants an extension of time upon consideration of a motion filed before the expiration date has passed.") (emphasis added); *Dependable Component Supply, Inc. v. Carrefour Informatique Tremblant, Inc.*, 572 F. App'x 796, 799 (11th Cir. 2014) ("The law of this Circuit is clear that a dismissal with leave to amend becomes final for purposes of appeal at the expiration of the window to amend"); *Bell v. Florida Highway Patrol*, No. 6:05-CV-1806-ORL-31, 2014 WL 542939, at *1 (M.D. Fla. Feb. 11, 2014) (Presnell, J.), *aff'd*, 589 F. App'x 473 (11th Cir. 2014) ("When a district court dismisses a complaint with leave to amend within a certain period, the dismissal order becomes final (and therefore appealable) at the end of the stated period.").

Because Plaintiffs failed to request and receive an extension of time to file their Second Amended Complaint prior to missing the May 18, 2015 deadline, the April 27, 2015 Order not

---

⁷*See also Clements v. Florida E. Coast Ry. Co.,* 473 F.2d 668, 670 (5th Cir. 1973) ("[A]gree[ing] with defendant that 6(e) has no application, because the action required of plaintiff was not within a prescribed period after service of the order upon him."); *Hong v. Smith*, 129 F.3d 824, 825 (5th Cir. 1997) (holding that three days were not added to the time to respond to a letter from the Court Clerk where the "time for filing a response ran from the date of the Clerk's letter"); *Ramirez v. Wal-Mart Stores, Inc.*, 192 F.R.D. 303, 304 (D.N.M. 2000) ("The Stipulated Order of Dismissal required Plaintiffs to re-file their complaint 'within 90 days of the date of this order...' The 90 days commenced running from the date the order was filed by the court clerk, not from the date of service. Hence, a plain meaning interpretation of the rule favors the non-application of Rule 6(e)."); 1-6 *Moore's Federal Practice – Civil* § 6.05 (Matthew Bender 3d. Ed.) ("The automatic three-day extension of Rule 6(d) applies only when a party's time to act is measured from the date of service of a motion, notice, or other paper. There is no extension in connection with time periods that are keyed to some event other than service.").

only became *final* but also was converted from a dismissal *without* prejudice to a dismissal *with* prejudice. *See Hertz*, 16 F.3d at 1127 n.3 (stating that a dismissal without prejudice under Fed. R. Civ. P. 12(b)(6) becomes a "dismissal with prejudice when no timely amendment was filed and no request for an extension was submitted"); *see also Wilson v. Arizona Classic Auto,* No. 09-80344-CIV, 2010 WL 1655811, at *1 (S.D. Fla. Apr. 23, 2010) ("[w]ithout a request for an extension of time or an amendment having been filed, the dismissal order becomes a final, appealable order").

Finally, Plaintiffs' untimely filing of the Second Amended Complaint also violated the requirements set forth in the Federal Rules of Civil Procedure. Specifically, for amended pleadings that are not made as of right, like Plaintiffs' Second Amended Complaint, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, the Court's leave in its April 27, 2015 Order expired on May 18, 2015, and Plaintiffs neither sought nor obtained Defendants' consent or the Court's leave to file the Second Amended Complaint late on May 20, 2015. Plaintiffs' untimely filing of the Second Amended Complaint therefore contravenes the plain language of the applicable Rule. "Striking is appropriate where … a party fails to seek leave of court before filing an unauthorized pleading." *Regions Bank v. Commonwealth Land Title Ins. Co.,* No. 11-23257-CIV, 2012 WL 5410948, at *2 (S.D. Fla. Nov. 6, 2012).

Thus, the Court should strike Plaintiffs' Second Amended Complaint.

## **CONCLUSION**

For the foregoing reasons the Court should grant Defendants' Motion to Strike the untimely Second Amended Complaint and close the Utah Action.

Dated: June 8, 2015

/s/ David L. Yohai
David L. Yohai (admitted *pro hac vice*)
John P. Mastando III (admitted *pro hac vice*)
Eric Hochstadt (admitted *pro hac vice*)
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: 212-310-8000
Facsimile: 212-310-8007
Email: david.yohai@weil.com
Email: john.mastando@weil.com
Email: eric.hochstadt@weil.com

*Counsel for Defendants Farmers Insurance Exchange[8], Mid-Century Insurance Company and Bristol West Insurance Company*

/s/ Jeffrey S. Cashdan
Jeffrey S. Cashdan, admitted pro hac vice
Claire C. Oates, admitted pro hac vice
KING & SPALDING LLP
1180 Peachtree Street, NE
Atlanta, Georgia 30309
Telephone: (404) 572-4600
Facsimile: (404) 472-5139
jcashdan@kslaw.com
coates@kslaw.com

/s/ Michael R. Nelson
Michael R. Nelson, admitted pro hac vice
Kymberly Kochis, admitted pro hac vice
Francis X. Nolan, admitted pro hac vice
Sutherland Asbill & Brennan LLP
1114 Avenue of the Americas, 40th Floor
New York, NY 10036-7703
Telephone: (212) 389-5068
michael.nelson@sutherland.com
kymberly.kochis@sutherland.com
frank.nolan@sutherland.com

---

[8] The SAC's case caption improperly identified Farmers Insurance Group, Inc., which is not a corporate entity. Farmers Insurance Group, Inc. was improperly named in the FAC. On October 16, 2014, Plaintiffs agreed to dismiss Farmers Insurance Group, Inc. from this action and to substitute Farmers Insurance Exchange. *See* Doc. 91. Farmers Insurance Exchange is named in the pleading. *See* SAC ¶ 11.

*Counsel for Defendants Progressive Classic Insurance Company and Progressive Direct Insurance Company*

*/s/ Johanna W. Clark*
Johanna W. Clark
CARLTON FIELDS JORDEN BURT, P.A.
450 S. Orange Ave., Suite 500
Orlando, Florida 32801
Telephone: (407) 849-0300
Facsimile: (407) 648-9099
Email: jclark@cfjblaw.com

Michael L. McCluggage
EIMER STAHL LLP
224 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604
Telephone: (312) 660-7600
Facsimile: (312) 692-1718
Email: mmccluggage@eimerstahl.com

Michael P. Kenny
Elizabeth Helmer
ALSTON & BIRD LLP
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: 404-881-7000
Facsimile: 404-881-7777
Email: mike.kenny@alston.com
Email: elizabeth.helmer@alston.com

*Counsel for Defendants State Farm Mutual Automobile Insurance Company*

*/s/ Richard L. Fenton*
Richard L. Fenton (admitted pro hac vice)
Mark L. Hanover (admitted pro hac vice)
Dentons US LLP
233 South Wacker Drive, Suite 5900
Chicago, Illinois 60606
Tel: (312) 876-8000
Fax: (312) 876-7934
Email: richard.fenton@dentons.com
Email: mark.hanover@dentons.com

Bonnie Lau
Dentons US LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
bonnie.lau@dentons.com

Lori J. Caldwell (Florida Bar No. 026874)
Rumberger, Kirk & Caldwell, PA
300 S Orange Ave, Suite 1400
PO Box 1873
Orlando, FL 32802-1873
Tel: (407) 839-4511
Fax: (407) 835-2011
Email: lcaldwell@rumberger.com

*Attorneys for Defendants Allstate Property and Casualty Insurance Company, Allstate Fire and Casualty Insurance Company, and Allstate Insurance Company*

/s/ *Michael S. McCarthy*
Michael S. McCarthy, Colorado Atty. No. 6688
Heather Carson Perkins, Colorado Atty. No. 30168
FAEGRE BAKER DANIELS LLP
3200 Wells Fargo Center
1700 Lincoln Street
Denver, CO 80203-4532
Tel. (303) 607-3703
Fax (303) 607-3600
michael.mccarthy@faegrebd.com

Kathy L. Osborn, Indiana Atty. No. 21927-53
Ryan M. Hurley, Indiana Atty. No. 24956-49
Sarah C. Jenkins, Indiana Atty. No. 26421-53
300 North Meridian Street, Suite 2700
Indianapolis, IN 46204
Tel. (317) 237-0300
Fax (317) 237-1000
Email: Kathy.osborn@faegrebd.com
Email: Ryan.hurley@faegrebd.com
Email: Sarah.jenkins@faegrebd.com

*Counsel for Defendant American Family Mutual Insurance Company*

/s/ R. Wardell Loveland
R. Wardell Loveland
555 Twin Dolphin Drive, Suite 300
Redwood City, CA 94065
Tel. (650) 592-5400
Fax. (650) 592-5027
Email. RLoveland@chdlawyers.com

*Counsel for CSAA General Insurance Company, formerly known as Western United Insurance Company*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 3.01(g), on June 4, 5, and 6, 2015, counsel for Defendants Farmers Insurance Exchange, Mid-Century Insurance Company, and Bristol West Insurance Company ("Defendants") conferred with Mark Shurtleff, one of counsel for Plaintiffs, in a good-faith effort to resolve the issues raised by this Motion. The other counsel for Plaintiffs were copied on the correspondence between counsel. Counsel for Defendants and counsel for Plaintiffs were unable to agree on a resolution of this Motion.

*/s/ David L. Yohai*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of June, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.

*/s/ David L. Yohai*