## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| ALPINE STRAIGHTENING SYSTEMS, INC. d/b/a ALPINE BODY SHOP, et al., | Case No. 6:14-cv-06003-GAP-TBS (Originally filed in D. of Utah) |
| Plaintiffs, | MDL Docket No. 6:14-md-2557-GAP-TBS |
| v. | |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al., | |
| Defendants. | |

### DEFENDANTS FARMERS INSURANCE EXCHANGE, MID-CENTURY INSURANCE COMPANY, AND BRISTOL WEST INSURANCE COMPANY'S LIMITED OBJECTION TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

In the March 25, 2016 Report and Recommendation (Dkt. No. 127) (the "R&R"), Magistrate Judge Thomas B. Smith correctly recognized that Plaintiffs have now failed three times to adequately plead their complaint, and recommended that Plaintiffs' Second Amended Complaint (the "SAC") be dismissed. Particularly relevant here, Magistrate Judge Smith dismissed Plaintiffs' tortious interference claims with prejudice (with one exception noted below), explaining that "Plaintiffs have had a sufficient opportunity to discover and allege any claims of tortious interference they have against Defendants," and have utterly failed to do so. R&R at 16. Defendants Farmers Insurance Exchange, Mid-Century Insurance Company, and Bristol West Insurance Company (the "Farmers Defendants") respectfully submit this limited objection to Magistrate Judge Smith's R&R to the extent that it recommends that a single alleged claim of tortious interference with economic relations asserted by Perk's Auto against the Farmers Defendants be dismissed *without* prejudice, rather than *with* prejudice. *Id.* at 14 (citing SAC ¶ 247). The Farmers Defendants request that the Court dismiss this tortious interference claim with prejudice because Plaintiffs have now had three attempts to plead a viable pleading, and should not be

afforded yet a *fourth* opportunity to do so.  Moreover, Magistrate Judge Smith's recommendation regarding this Court's supplemental jurisdiction over this particular claim further highlights why, in order to provide the Farmers Defendants with the finality they deserve after years of burdensome litigation, this purported claim of tortious interference should be dismissed with prejudice.

## ARGUMENT

### I.   Plaintiff Perk's Auto's Tortious Interference Claim Should Be Dismissed With Prejudice

As Magistrate Judge Smith correctly concluded in the R&R, Plaintiffs failed to state a claim for tortious interference with economic relations under Utah law because they did not plausibly plead all four of the following elements:   "(1) that the defendant intentionally interfered with the plaintiff's existing or potential economic relations, (2) ... by improper means, (3) causing injury to the plaintiff."  R&R at 10 (citing *Eldridge v. Johndrow*, 345 P.3d 553, 556 (Utah 2015)) (internal quotations omitted).  With respect to Plaintiff Perk's Auto's allegation of an instance of purported interference by "Farmers" (SAC ¶ 247),[1] Magistrate Judge Smith correctly found that Perk's Auto failed to "plead facts showing that an alleged interference caused an injury."  R&R at 15 (citing *Brown v. Peterson*, No. 20021070-CA, 2004 WL 2689034, at *2 (Utah Ct. App. Nov. 26, 2004)).  As Magistrate Judge Smith explained, "cognizable injury" under Utah law means "actual damages resulting from the interference".  *See id.* at 13 (citing *Eldridge v. Johndrow*, 345 P.3d 553, 556 (Utah 2015)).  No such "actual damages" were alleged here.  *Id.*  Further, as Magistrate Judge Smith correctly found, even if a cognizable injury was alleged, which it was not, Plaintiff Perk's Auto "failed to plead facts showing a

---

[1] SAC ¶ 247 states: "In February 2015, Consumer Jayme Montgomery elected to take her damaged 2012 Toyota Camry to her trusted body shop, Plaintiff Perk's Auto.  However, when she expressed this choice to her insurer Farmers, she was told that Perk's was not on their preferred list and she had to take her vehicle to ABRA. She says she felt forced to use ABRA because of Farmers' statement to her."

'causal connection' between the conduct alleged and any resulting damages". *Id* at 15 (citing *Brown*, 2004 WL 2689034, at *2).   Therefore, Perk's Auto's allegation, in addition to the other purported "unsuccessful attempts at steering" alleged in the SAC, fails to state a claim for tortious interference because "Plaintiffs have not alleged a cognizable injury in any situation." *Id.* at 13.[2]

In its April 27, 2015 Order adopting Magistrate Judge Smith's Report & Recommendation that Defendants' motions to dismiss the Plaintiffs' *First* Amended Complaint be granted, this Court stated: "Surely the Plaintiffs must have some basis to believe that certain Defendants interfered with certain of the Plaintiffs' customers."  See Apr. 27, 2015 Order Dkt No. 101 at 2.  Similarly, with respect to the Plaintiffs' *Second* Amended Complaint, Magistrate Judge Smith has noted that Plaintiffs have now "had a sufficient opportunity to discover and allege any claims of tortious interference they have against Defendants." R&R at 16.  Indeed, after three failed attempts, Plaintiffs have had more than ample opportunity to allege an "injury" that resulted from the Farmers Defendants' purported interference in "February 2015" – more than a year ago – *if there was any injury to allege at all*.  SAC ¶ 247.

As this Court has observed, the SAC, brought individually by a number of auto body repair shops doing business in the state of Utah, is essentially a carbon copy of a second amended complaint brought by auto body repair shops doing business in the state of Florida that this Court recently

---

[2] Plaintiff Perk's Auto's claim could also have been dismissed for its failure to sufficiently allege interference by improper means.  As Magistrate Judge Smith found, a truthful statement does "not rise to the level of improper means".  R&R at 14.  Nowhere in the SAC do Plaintiffs allege that the statement that Plaintiff Perk's Auto was not on the Farmers preferred list was untruthful.  Moreover, the Utah Administrative Code, which "promulgates rules defining unfair claims settlement practices or acts", *presumes* that an auto insurer will "designate a specific repair shop for its insured", and even *anticipates* an insurer will require an insured to travel a reasonable distance "to have the automobile repaired at [that] specific shop." *See* U.A.C. R. 590-190-1; R. 590-190-11(8) ("*When the insurer* elects to repair and *designates a specific repair shop for automobile repairs*, the insurer shall cause the damaged automobile to be restored to its condition prior to the loss ...") (emphasis added); R. 590-190-11(4) ("Insurers are prohibited from requiring a claimant to travel an *unreasonable* distance to inspect a replacement automobile, to obtain a repair estimate or to have the automobile repaired at a specific repair shop") (emphasis added).

dismissed with prejudice (the "Florida SAC").  *See A & E Auto Body, Inc. v. 21st Century Centennial Ins. Co.*, (the "Florida Action") No. 6:14-CV-310-ORL-31TB, 2015 WL 5604786, at *12 (M.D. Fla. Sept. 23, 2015) ("Sept. 23 Order").  Indeed, the SAC is among the "other 20–odd cases [in this MDL]…almost all of which share the same shortcomings" that led to the dismissal of the Florida SAC. *Id*.  In the Florida Action, this Court found that "giving the Plaintiffs another opportunity to state a claim would be an exercise in futility." 2015 WL 5604786, at *12.  The same is true here.

Courts in this circuit have routinely dismissed claims *with* prejudice when Plaintiffs have previously been given two or more chances to plead, especially where (as here) the Court has provided Plaintiffs with direction as to how Plaintiffs might state a claim that Plaintiffs have failed to satisfy.  *See, e.g., Farnsworth v. HCA, Inc.*, No. 8:15-CV-65-T-24-MAP, 2015 WL 5234640, at *8 (M.D. Fla. Sept. 8, 2015) (granting motion to dismiss with prejudice; "[t]his is Plaintiff's third opportunity to assert claims against each of the Defendants and despite the Court's clear guidance that she must do so in order to survive a motion to dismiss, Plaintiff has not done so as it pertains to [Defendant]").[3]  Therefore, just as Magistrate Judge Smith recommends as to the other Plaintiffs' tortious interference claims, in addition to all of the Plaintiffs' remaining state law claims, the Farmers Defendants request that Perk's Auto's tortious interference claim be dismissed *with* prejudice as well.

Finally, this Court should also consider Magistrate Judge Smith's recommendation to deny Plaintiff Perk's Auto's tortious interference claim without prejudice in connection with Magistrate Judge

_____

[3] *See also Lindbloom v. Steube*, 440 F. App'x 757, 758 (11th Cir. 2011) ("The district court did not err when it dismissed [Plaintiff's] complaint with prejudice. The district court twice ordered [Plaintiff] to amend his complaint, but he failed on both occasions to state a claim for which relief could be granted."); *Costa v. Celebrity Cruises, Inc.*, 768 F. Supp. 2d 1237, 1242 (S.D. Fla. 2011), *aff'd*, 470 F. App'x 726 (11th Cir. 2012) (dismissing complaint with prejudice where "Plaintiffs were unable to allege an adequate claim…their second time around, and the Court has no reason to believe the third time will be a charm.") (internal citations omitted); *Washington v. State of Florida Dep't of Children & Families*, 2009 WL 790142, at *13 (M.D. Fla. Mar. 23, 2009) (dismissing complaint with prejudice where "Second Amended Complaint is Plaintiff's third effort at pleading his claims in the latest suit. He has had more than ample opportunity to plead his case and no further opportunity is merited.").

Smith's *simultaneous* recommendation that the Court decline to exercise supplemental jurisdiction over

any further amended complaint re-pleading this claim, unless Perk's Auto "can establish an independent

basis for subject matter jurisdiction in this Court . . . ." *See* R&R at 17.[4]  Plaintiffs have now filed three

complaints in this action alone.  And, this action is part of a multidistrict litigation that includes *twenty-*

*three* copycat actions, each of which has now been dismissed and re-pled before this Court at least once,

and each of which has been found to contain the same deficient allegations.  This Court has the breadth

of knowledge and familiarity with Plaintiffs' claims across all of these actions, and has found that

"almost all" of them "share the same shortcomings."  Sept. 23 Order, 2015 WL 5604786 at *12.  No

further attempts to re-plead should be granted – whether in this Court or any other court.

However, if the Court is inclined to accept Magistrate Judge Smith's recommendation to dismiss

Perk's Auto's tortious interference claim without prejudice, rather than with prejudice, Defendants

respectfully request that the Court retain supplemental jurisdiction, "in the interest of judicial economy,

convenience, or fairness."  *Greenspoon v. Sarasota Cty. Area Transit*, No. 8:10-cv-2512-T-30AEP,

2011 WL 533672, at *1 (M.D. Fla. Feb. 8, 2011); *see also Baggett v. First Nat. Bank of Gainesville*, 117

F.3d 1342, 1352 (11th Cir. 1997) ("The dismissal of Plaintiffs' underlying federal question claim does

not deprive the Court of supplemental jurisdiction over the remaining state law claims.").  This will

allow the Court to consider any attempt Perk's Auto may make to re-plead, and issue a final ruling on

this claim, rather than have another court burdened with considering these issues anew without the

background and knowledge this Court already possesses.  Other MDL courts have retained jurisdiction

---

[4] The Farmers Defendants submit that Magistrate Judge Smith's recommendation regarding supplemental jurisdiction is unclear because if Perk's Auto was able to "establish an independent basis for subject matter jurisdiction in this Court," the Court would not *need* to exercise "supplemental jurisdiction."  R&R at 17.

over state law claims where those claims may share common facts, legal issues or discovery with other claims in the MDL.[5]

**<u>CONCLUSION</u>**

For these reasons, Defendants Farmers Insurance Exchange, Mid-Century Insurance Company, and Bristol West Insurance Company respectfully request that the Court dismiss with prejudice the one tortious interference claim asserted by Perk's Auto against the Farmers Defendants, and otherwise adopt Magistrate Judge Smith's R&R.

Dated: April 8, 2016

/s/ David L. Yohai
David L. Yohai (admitted *pro hac vice*)
John P. Mastando III (admitted *pro hac vice*)
Eric Hochstadt (admitted *pro hac vice*)
WEIL GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, New York 10153
Telephone: 212-310-8000
Facsimile: 212-310-8007
Email: david.yohai@weil.com
Email: john.mastando@weil.com
Email: eric.hochstadt@weil.com

*Counsel for Defendants Farmers Insurance Exchange[6], Mid-Century Insurance Company and Bristol West Insurance Company*

---

[5] *See, e.g., In re Ameriquest Mortgage Co. Mortgage Lending Practices Litig.*, No. MDL 1715, 2013 WL 4718958, at *5 (N.D. Ill. Sept. 3, 2013) (exercising discretion to retain supplemental jurisdiction over claims that no longer have federal component because, among other things, "MDL may prove useful in all of these cases due to their common elements"); *In re K-Dur Antitrust Litig.*, No. CIV.A. 01-1652 (JAG), 2008 WL 2660782, at *2 n.6 (D.N.J. Mar. 10, 2008) (MDL court retained jurisdiction over state law claims after dismissing federal claims)

[6] The SAC's case caption improperly identified Farmers Insurance Group, Inc., which is not a corporate entity. Farmers Insurance Group, Inc. was improperly named in the FAC. On October 16, 2014, Plaintiffs agreed to dismiss Farmers Insurance Group, Inc. from this action and to substitute Farmers Insurance Exchange. *See* Doc. 91. Farmers Insurance Exchange is named in the pleading. *See* SAC ¶ 11.