**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

---

ALPINE STRAIGHTENING SYSTEMS, *et al.*,

                    Plaintiffs,

v.

STATE FARM MUTUAL AUTO INSURANCE
COMPANY, *et al.*,

                    Defendants.

**Case No. 6:14-MD-2557-Orl-31TBS**

**RE: No. 6:14-CV-06003-GAP-TBS**

---

**<u>GEICO GENERAL INSURANCE COMPANY'S PARTIAL OBJECTION TO REPORT</u>**
**<u>AND RECOMMENDATION AND JOINDER IN FARMERS' LIMITED OBJECTION</u>**

GEICO General Insurance Company ("GEICO") requests that the Court adopt Magistrate Judge Smith's Report and Recommendation (Doc. 127) ("R&R") and dismiss Plaintiffs' *Quantum Meruit* (Count I), Tortious Interference with Economic Relations (Count II) and Conversion (Count III) claims against GEICO with prejudice.   GEICO respectfully files this Partial Objection and Joinder in Farmers' Limited Objection with respect to certain *dicta* related to (1) the R&R's finding that Plaintiffs' *quantum meruit* claims are precluded based on the existence of a contract and (2) the R&R's recommendation that Plaintiff Perk's Auto be granted leave to amend its complaint again to attempt to state a tortious interference claim against Farmers.[1]  *See* R&R at 8-9, 14-15, 16; Doc. 129.   GEICO believes the *dicta* could be mistakenly interpreted and result in unnecessary future disputes between body shops and GEICO.

## I.   PLAINTIFFS' *QUANTUM MERUIT* CLAIMS ARE PRECLUDED BY CONTRACTS, BUT THE COURT SHOULD CLARIFY THAT THE CONTRACTS ARE BETWEEN PLAINTIFFS AND THEIR CUSTOMERS, NOT PLAINTIFFS AND DEFENDANTS

The R&R correctly concluded a *quantum meruit* claim cannot proceed in Utah where there is an enforceable contract.   R&R at 8 (quoting *Davies v. Olson*, 746 P.2d 264, 268 (Utah Ct. App. 1987)).   In assessing Plaintiffs' *quantum meruit* claims, the R&R stated:

> Defendants argue that for each repair made, there is a contract. Plaintiffs do not address this argument in their response to the motions to dismiss[] (Doc. 111 at 28-30).   The SAC generally alleges an established, ongoing course of business that begins with an estimate for each repair.   Once the appropriate Defendant has approved the estimate, a Plaintiff makes the repair, and the Defendant pays the Plaintiff.   Thus, it appears that there is a contract between the interested parties before each specific repair is made, which precludes Plaintiffs' quantum meruit claim.

*Id.* at 8-9 (footnote omitted).   The R&R's conclusion that Plaintiffs' *quantum meruit* claims are precluded because they alleged the existence of contracts between the interested parties is correct and should be adopted by the Court.   The R&R, however, appears to conclude the contracts are between Plaintiffs and Defendants, which is incorrect and should be clarified by the Court.

---

[1] These findings and recommendations are *dicta* as to GEICO.

GEICO's Motion to Dismiss argued:

> Plaintiffs' *quantum meruit* claim also fails as a matter of law because the Plaintiffs allege the existence of express contracts. Specifically, Plaintiffs allege or at least imply the existence of contracts covering the same subject with their individual customers. The SAC describes a process in which customers obtain estimates for repairs, and Plaintiffs are paid by customers' insurers under those estimates. *See* SAC ¶ 34 (noting Plaintiffs do business "with Defendants' policyholders"), ¶ 182 (describing estimate preparation process). Each repair performed by Plaintiffs constitutes an individual transaction with a negotiated price. Because express agreements governing the subject of the Plaintiffs' claims are alleged (i.e., the amount of payment which Plaintiffs should receive for their services for Defendants' insureds) Plaintiffs have a remedy and there can be no claim for *quantum meruit*. Under Utah law, a cause of action based on *quantum meruit* cannot exist when there is a valid contract between the parties.

Doc. 104 at 24 (footnote omitted). The R&R agreed with GEICO's argument.[2]  R&R at 8-9. Certain *dicta* in the R&R's discussion of this argument, however, could be interpreted, incorrectly, as concluding the contracts are between Plaintiffs and Defendants instead of Plaintiffs and their customers (who are also Defendants' insureds and claimants).

Utah courts have held that *quantum meruit* "is designed to provide an equitable remedy where one does not exist at law. In other words, if a legal remedy is available, such as breach of an express contract, the law will not imply the equitable remedy of unjust enrichment." *Am. Towers Owners Ass'n, Inc. v. CCI Mech., Inc.*, 930 P.2d 1182, 1193 (Utah 1996) *abrogated on other grounds by Davencourt at Pilgrims Landing Homeowners Ass'n v. Davencourt at Pilgrims Landing, LC*, 221 P.3d 234 (Utah 2009); *see also Mann v. Am. W. Life Ins. Co.*, 586 P.2d 461, 465 (Utah 1978) ("Recovery in quasi contract is not available where there is an express contract covering the subject matter of the litigation."). Utah courts have also held that a plaintiff may not maintain a *quantum meruit* claim against a non-party to a contract where the plaintiff has not exhausted its legal remedies under the contract. *Knight v. Post*, 748 P.2d 1097, 1099-1100 (Utah Ct. App. 1988) ("As a general rule, one must first exhaust his legal remedies before he may

---

[2] As the R&R observed, "Plaintiffs' did not address this argument in response to GEICO's Motion to Dismiss and GEICO's Motion on this point was unopposed. R&R at 8 & n.1 (citations omitted).

recover on the basis of the equitable doctrine of quantum meruit.").[3]

GEICO respectfully asks the Court to adopt the R&R's conclusion that "there is a contract between the interested parties before each specific repair is made, which precludes Plaintiffs' quantum meruit claim," but clarify that the "interested parties" alleged in the SAC are Plaintiffs and their customers.  *See* SAC ¶ 34 (alleging Plaintiffs do business "with Defendants' policyholders").

## II.   PERK'S AUTO COULD NOT HAVE ALLEGED IMPROPER MEANS BECAUSE THE ALLEGED CONDUCT IS PERMITTED BY UTAH LAW

The R&R recommended one Perk's Auto tortious interference claim against Farmers be dismissed without prejudice, with leave to amend.  R&R at 14-15, 16.  The SAC alleges:

> In February 2015, Consumer Jayme Montgomery elected to take her damaged 2012 Toyota Camry to her trusted body shop, Plaintiff Perk's Auto. However, when she expressed this choice to her insurer Farmers, she was told that Perk's was not on their preferred list and she had to take her vehicle to ABRA. She says she felt forced to use ABRA because of Farmers' statement to her.

SAC ¶ 247.  The R&R concluded "[t]he averment that Farmers told Montgomery she had to take her car to another shop is sufficient to allege improper means because it accuses Farmers of making an untruthful statement to accomplish its objective."  R&R at 15.[4]  Plaintiffs, however, did not allege facts that, if taken as true, plausibly suggest the alleged statement was false, nor could they because Utah law explicitly permits Farmers' to specify the shop to perform its claimant's repairs.  Utah Admin. Code r. R590-190-11(4), (8).

Utah's unfair claim settlement practices statute does not prohibit an insurer from specifying the repair shop to perform repairs on the insurer's claimants' vehicles.  *See* Utah Code Ann. § 31A-26-303.  The statute permits the insurance commissioner to "define by rule, acts or

---

[3] The *Knight* plaintiff failed to perfect a mechanics lien and bring an action enforcing the lien within the statutory period.  *Id.* at 1100.  In dismissing the plaintiff's *quantum meruit* claim, the court held that the plaintiff's failure to exhaust his legal remedies per his contract with a nonparty, and inability to do so, was fatal to his *quantum meruit* claim.  *Id.* ("[The defendant] should not be held liable as a consequence of [the plaintiff's] failure to successfully assert his legal rights.").

[4] Plaintiffs' SAC alleges facts demonstrating the alleged statement that "Perk's was not on [Farmers'] preferred list" is true.  *See* SAC ¶ 98 (alleging "Plaintiff Perks Auto has at times been in a DRP with Defendants State Farm and Farm Bureau" and saying nothing about Farmers).

general business practices which are unfair claim settlement practices." Utah Code Ann. § 31A-26-303(4).[5]   Under this authority, the Commissioner promulgated rules that explicitly permit insurers to require a claimant to have an automobile repaired at a specific repair shop:

> Insurers are prohibited from requiring a claimant to travel an unreasonable distance to inspect a replacement automobile, to obtain a repair estimate or to have the automobile repaired at a specific repair shop. . . .
>
> When the insurer elects to repair and designates a specific repair shop for automobile repairs, the insurer shall cause the damaged automobile to be restored to its condition prior to the loss at no additional cost to the claimant other than as stated in the policy and within a reasonable period of time.

Utah Admin. Code r. R590-190-11(4), (8).[6]   Farmers allegedly stating something expressly permitted by Utah law cannot be improper means and GEICO respectfully asks the Court to refuse to adopt the R&R's recommendation that it can be.[7]

DATED this 8th day of April, 2016.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By:  */s/ Dan. W. Goldfine*
    Dan W. Goldfine
    Joshua Grabel
    Jamie L. Halavais
    Ian M. Fischer
    201 E. Washington Street, Suite 1200
    Phoenix, Arizona  85004
    Telephone: 602-262-5392
    Facsimile:  602-262-5747
    Email: dgoldfine@lrrc.com
          jgrabel@lrrc.com
          jhalavais@lrrc.com
          ifischer@lrrc.com

    Attorneys for Defendant GEICO General
    Insurance Company

---

[5] The statute and regulations promulgated under the statute also explicitly do not create a private cause of action, as the R&R correctly concluded.  Utah Code Ann. § 31A-26-303(5); Utah Admin. Code r. R590-190-2; R&R at 11-12.

[6] Perk's Auto does not allege Farmers required Montgomery to travel an unreasonable distance.

[7] Establishing the use of "improper means" in Utah is a high threshold, and applies only where "the means used to interfere with a party's economic relations are contrary to law, such as violations of statutes, regulations, or recognized common-law rules." *St. Benedict's Dev. Co. v. St. Benedict's Hosp.*, 811 P.2d 194, 201 (Utah 1991).

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of April, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a Notice of Electronic Filing to all counsel of record that are registered with the Court's CM/ECF system.


*/s/ Dan W. Goldfine*
Dan W. Goldfine