## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ALPINE STRAIGHTENING SYSTEMS, et al**           **PLAINTIFFS**

**VS**           **CAUSE NO. 6:14-CV-6003**

**STATE FARM MUTUAL AUTOMOBILE**
     **INS. CO., et al**           **DEFENDANTS**

---

### PLAINTIFFS' REPLY TO GEICO'S RESPONSE TO PLAINTIFFS' OBJECTIONS TO MAGISTRATE'S REPORT AND RECOMMENDATION

---

Come now, Plaintiffs in the above-captioned cause and serve this, their Reply to GEICO's Response to Plaintiffs' Objections to the Magistrate's Report and Recommendation and state to the Court as follows:

In true red herring fashion, GEICO' Response to Plaintiffs' Objections continually muddles multiple different aspects of argument, law and fact to reach the conclusion it wishes the Court to adopt. The result is that GEICO's arguments fail to address the legal and factual points actually raised by Plaintiffs in their objections. GEICO further compounds this by predicating one meritless argument upon another, stacking each one to reach a conclusion without reference to Utah law or the facts of the complaint at any point along this house of cards building process. Plaintiffs therefore separate the arguments into the rational sections set forth in the Objections, rather than unnecessarily lengthen the Reply by repeatedly addressing GEICO's argumentitive non-sequiters.

### PRIMA FACIE CASE IS NOT REQUIRED TO BE PLED

Throughout its Response, GEICO argues Plaintiffs failed to allege facts sufficient to set out a prima facie case for their claims. This is a direct contravention of binding Supreme Court and

other authority regarding the federal pleading standard.  Plaintiffs are <u>not required</u> to establish a prime facie case in the complaint as that requires in large degree passing o n the merits of the case, which is prohibited.  The Supreme Court stated this unequivocally in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 585, 127 (2007), noting it had previously reversed a dismissal on these grounds as such did not comply with the notice pleading standards of Rule 8.  See also, *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511, 122 (2002).

As the Supreme Court explained further, a prima facie case is a flexible evidentiary standard, not a pleading one, and dismissing a case for purportedly "failing to allege certain additional facts that [the plaintiff] would need at the trial stage to support his claim" constitutes reversible error. *Twombly*, 550 U.S. at 570.

Certainly there is loose language used in some cases utilizing the phrase prima facie case in the motion to dismiss context.[1]  However, given the clear directive of the Supreme Court that Rule 8 pleading does not require setting forth a prima face case in the complaint, GEICO's arguments to this effect violate binding Supreme Court authority.  As GEICO has failed to provide any authority that *Twombly*, *Swierkiewicz* and its progeny have been overruled, its assertion of pleading requirement is demonstrably false.

**QUANTUM MERUIT**

Law of the case

---

[1]This seems to occur most often in the employment discrimination context and most often in employment discrimination cases in the time period after the Court handed down the McDonnell-Douglas case but before *Twombly* was widely publicized.  The Supreme Court's prohibition on requiring a plaintiff to plead a prima facie case is not limited to employment discrimination cases; *Twombly*, after all, was not an employment discrimination case.  Further the Court made clear the prohibition applies to all cases to which Rule 8 pleading standards apply.

As was pointed out in the Objections, this Court previously ruled Plaintiffs had conferred a benefit upon the Defendants.  Plaintiffs quoted the section of the previous Report wherein just such a finding was made and cited to the order of this Court adopting the Report's findings, and that finding was the complaint sufficiently alleged a benefit had been conferred upon Defendants pursuant to Utah law.  *Alpine Straightening Sys. v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 1911635, at *5 (M.D. Fla. Apr. 27, 2015).

Given this explicit statement, GEICO's argument that the current does not conflict with the previous Report and Order is facially without merit.  Where one order states a benefit has been conferred by Plaintiffs' services and a subsequent report finds no benefit has been conferred by Plaintiffs' services based upon the same set of facts, there is clearly a conflict.

GEICO argues that even if there is a conflict,  it is of no consequence because the prior order and its findings was merely interlocutory and therefore not binding.  This is an inaccurate and incomplete rendition of the law.  The doctrine of the law of the case states that, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case."  *Arizona v. California,* 460 U.S. 605, 618, 103 S. Ct. 1382, 1391, 75 L. Ed. 2d 318 (1983), decision supplemented, 466 U.S. 144, 104 S. Ct. 1900, 80 L. Ed. 2d 194 (1984). This rule of practice promotes the finality and efficiency of the judicial process by "protecting against the agitation of settled issues." *Christianson v. Colt Indus. Operating Corp*., 486 U.S. 800, 816, 108 S. Ct. 2166, 2177, 100 L. Ed. 2d 811 (1988)(citing 1B J. Moore, J. Lucas, & T. Currier, Moore's Federal Practice ¶ 0.404[1], p. 118 (1984)).  See also, *State Farm Mut. Auto. Ins. Co. v. Mallela,* 2002 WL 31946762, at *8 (E.D.N.Y. Nov. 21, 2002).

Contrary to GEICO's general argument, the law of the case is not limited to final judgments. The Eleventh Circuit has recognized this on more than one occasion, as in *Royal Insurance Co. v. Latin American Aviation Services*, 210 F.3d 1348, 1350 (11th Cir. 2000), where the circuit court recognized law of the case application to a magistrate's ruling on the defintion of an insurance policy term.[2]  Florida district courts have also applied the principal, as in  *Pines Properties, Inc. v. Am. Marine Bank,* 2003 WL 25729925, at *2 (S.D. Fla. June 24, 2003) in ruling on a motion to amend affirmative defenses.

Courts in an identical procedural posture have ruled contrary to GEICO's arguments. Instances in which motions to dismiss have resulted in orders to amend, courts generally hold law of the case applies to matters already decided upon subsequent challenge to amended complaints. See, e.g.,  *Ioppolo v. Rumana*, 2012 WL 4960385, at *4-5 (M.D. La. Oct. 16, 2012), aff'd, 581 F. App'x 321 (5th Cir. 2014).

In fact, most courts go further. They affirmatively prohibit defendants from re-arguing points decided against them. This was noted by the Southern District of Florida in *Pines Properties* (supra) where the court explicitly held a previously ruled upon issue "should not be brought to the attention of the court in the future."  See also,  *In re Equip. Acquisition Res., Inc.*, 502 B.R. 784, 793 (Bankr. N.D. Ill. 2013)[3] and *Does I v. Gap, Inc.*, 2002 WL 1000068, at *14 (D. N. Mar. I. May 10, 2002).[4]

---

[2]"First, although the term "carriage" is nowhere defined in the policy, the question Royal raises about the interpretation of "course of carriage" had already been decided by the magistrate judge in Order I. That determination is binding on Royal as the law of the case."

[3]"However, in the context of a motion to dismiss, the Defendant had its opportunity, this court ruled with respect to it, and the Defendant failed to seek reconsideration or to have that ruling altered or vacated. It is simply not proper to bring the argument a second time."

[4]"The plaintiffs argued that the court need not reconsider this issue because it previously concluded that the plaintiffs' alleged injury to their property was proximately caused by the defendants' conduct.. The court agrees."

The Defendants, including GEICO, were therefore prohibited from raising the issue of benefit in this case, the Court having already decided the issue as to pleading.

There is therefore no bar to application of the law of the case absent a final judgment and the Defendants were in error for even raising the matter again.  GEICO's arguments are meritless and contravene binding and persuasive authority.

_____GEICO argues also the Court is not required to identify every purported deficiency of a pleading.  Plaintiffs did not suggest this.  Plaintiffs pointed out the previous Report explicitly found Utah law recognized the services provided are a benefit to the Defendants and the only basis for dismissing the quantum meruit claim was the purported existence of contracts between Plaintiffs and Defendants.

The Plaintiffs were clearly entitled to rely upon these rulings in fashioning an amended complaint.  *In re Demos*, 57 F.3d 1037, 1039 (11th Cir. 1995).  GEICO's argument presupposes the parties have no basis to rely upon the Court's prior rulings, essentially asking the Court to prudentially codify the notion a court need not adhere to principles of integrity.

The Eleventh Circuit has recognized narrow exceptions to the law of the case doctrine, the existence of new evidence, an intervening change in law or finding the prior decision was manifestly erroneous creating manifest injustice.  *Royal Ins.*, 210 F.3d at 1350, *In re Gurley*, 357 B.R. 868, 878-79 (Bankr. M.D. Fla. 2006).

GEICO's argument does not meet any of these exceptions.  It does not allege new evidence at all.  It does not allege the prior ruling was manifestly erroneous and makes no reference to an intervening change of law which has actually occurred.  It simply provides no grounds whatsoever for allowing the law of the case to be violated.

One last point need be addressed.  In a footnote, GEICO argues Plaintiffs were "on notice" of other grounds for dismissal.  Specifically, GEICO states the prior order of this Court stated, "the *quantum meruit* claim "is precluded for all of the same reasons expressed by this Court in the companion MDL cases from Florida . . . Mississippi . . . and Indiana . . . ").

There are multiple errors with respect to this argument.  First, prior to filing the Utah amended complaint on May 20, 2015, the Court issued an order under the general MDL docket on April 3, 2015, directing parties to await individual action on the various pleadings, specifically stating that because of the differences in state law, the cases were sufficiently unique that parties should not assume they would be handled in an identical manner.  See Order, Doc. No. 175 in Docket 6:14-md-2557.  Plaintiffs did as they were instructed and amended the complaint according to the order entered with respect to Utah.  According to GEICO's argument, Plaintiffs should not have heeded the Court's written directions.

Additionally, GEICO's argument fails as the face of the orders referenced clearly show.  The Mississippi order gave no reasons for dismissal.  See Order, Doc. No. 82, *Capitol Body Shop, Inc., v. State Farm Mut. Ins. Co., et al,* 6:14-cv-6000.  There was nothing of which to put Plaintiffs' "on notice."

The Indiana order conflicted with the Utah order because the Utah order specifically found a benefit had been conferred therefore the Indiana order could not have placed Utah Plaintiffs "on notice" of a purported flaw already held not to be one.  The Indiana order also mentioned the purported existence of contracts between Plaintiffs and Defendants, which Plaintiffs clearly addressed in the amended complaint.

The order also discussed whether Plaintiffs had sufficiently alleged reasonable expectation of payment as to amount, which Plaintiffs addressed by re-emphasizing in the amended complaint a point the Court apparently overlooked–that Plaintiffs were not merely seeking "more," they were seeking payment for services rendered which were uncompensated, and most importantly, pointed out to the Court in various pleadings that under Utah law, an element of quantum meruit is payment of the services' value.  Therefore, the claim could not be dismissed without a determination of the value of Plaintiffs' services, a determination the Court cannot make as it is a factual issue for jury determination.  See Order, Doc. No. 150, *Indiana Autobody Ass'n, Inc. v. State Farm Mut. Auto. Ins. Co.*, 6:14-cv-6001.

The Florida order extant at the time the Utah complaint was amended dismissed the Florida quantum meruit claim solely upon a point specific to Florida law, that no benefit was conferred upon defendants by Plaintiffs' services.  See, Order, Doc. No. 293, *A & E Auto Body, Inc. v. 21st Century Centennial Ins. Co.*, 6:14-cv-310.  As Utah law is directly contradictory to Florida law on this point, the purported "notice" is worthless.

As neither the Mississippi nor Florida orders were applicable and Plaintiffs had addressed the particular concerns raised in the Indiana complaint, GEICO's footnote argument is without merit.

GEICO makes no response and provides no authority to rebut Plaintiffs' point that dismissal with prejudice of the quantum meruit claim would be particularly inequitable as Plaintiffs amended in compliance with the single issue mentioned by the Court.  To allow dismissal with prejudice on grounds the Court had already decided were sufficiently pled and other grounds the Court could have decided but did not (as identical arguments were made by GEICO and other defendants in previous motions) does substantial violence to not only the doctrine of law of the case but also to substantial

notions of judicial integrity.  Such a dismissal would have the direct effect of punishing Plaintiffs

for actually believing the Court meant what it said in previous orders.  In sum, GEICO's arguments

are legally, factually and equitably without any basis.

Benefit conferred upon Defendants

GEICO argues the Report got it right when it recommend no benefit has been conferred upon

Defendants.  GEICO asserts the holding of *Emergency Physicians Integrated Care v. Salt Lake

County* ("*EPIC*") was subsequently modified by another case, *Jones v. Mackey Price Thompson &

Ostler*.  This is a false statement and violates the law of the case discussed above.

The Court has previously ruled Plaintiffs' services constitute a benefit to Defendants under

Utah law.[5]  Having previously decided Plaintiffs' services confer a benefit to Defendants under Utah

state law, the Report's contrary conclusion violates the law of the case.

However, even were that not the case, GEICO' argument would still fail.  First, *EPIC* was

cited not as an analogy but for the firm rule established by Utah law that when one performs a

service that permits another to execute a duty or obligation owed to a third person, that performance

constitutes a benefit to the obligor.  *Emergency Physicians Integrated Care v. Salt Lake Cty.*, 167

P.3d 1080, 1085.  The Utah court so found because, as it acknowledged explicitly, Utah broadly

defines benefit for purposes of equitable relief, including satisfaction of a debt or duty owed by the

defendant or anything which adds to the defendant's security or advantage. *Id.* at 1086.

Contrary to GEICO's arguments, this rule of state law has not been limited or modified.

*Jones v. Mackey Price Thompson & Ostler* does not limit the definition of benefit as GEICO falsely

---

[5] *Alpine Straightening Sys. v. State Farm Mut. Auto. Ins. Co.*, 2015 WL 1911635, at *5 (M.D. Fla. Apr. 27, 2015).

asserts.  On the contrary, *Jones* reiterates the application of *EPICS's* definition of benefit.  All *Jones* stands for is the already-established proposition that quantum meruit relief cannot be sought from one who benefits only incidentally, as the individual partners of the law firm (as opposed to the law firm itself) did in that case.  The case against the law firm went forward on the quantum meruit claim, which GEICO failed to advise the Court.  *Jones* would only be helpful to the Defendants if the Plaintiffs had asserted quantum meruit claims against the individual adjusters, rather than the Defendant insurers.

GEICO's arguments as to the holding and effect of *Jones* are therefore created from whole cloth.[6]

Also of note is GEICO's failure to adequately address *Benchmark Const. LLC v. Auto-Owners Ins. Co.*, 2013 WL 3479682 (D. Utah July 10, 2013), which specifically applied *EPIC* to insurers and their duty to pay for repairs.  Utah has specifically recognized that an insurer has a duty to pay for the benefits owed an insured/claimant and that the vendor of services which permit an insurer to execute that duty is entitled to assert a claim against the insurer for equitable restitution as that vendor has directly benefitted the insurer.

GEICO's only reference to *Benchmark* is by way of a footnote, which, as with the arguments in the body of the pleading, affirmatively misrepresents that *Benchmark* has been overruled by *Jones*. This is a false statement. In the parlance of legal research, *Benchmark* has not even been yellow flagged, much less overruled.

---

[6]*Jones* is worth noting for one additional point GEICO failed to mention.  In footnote 63, the Utah Supreme Court indicated its dissatisfaction with the "exhaustion" requirement, noting it was inconsistent with the equitable underpinnings restitution is meant to address.  Given this signal of an intent to re-examine the issue in the future, it is inappropriate for the Court to accept GEICO's arguments even if the exhaustion issue were properly before the Court, which, as noted below, Plaintiffs respectfully submit it is not.

GEICO further errs by arguing Florida law should apply to a Utah state-law claim. The Report erroneously applies Florida law to the analysis of whether or not a benefit has been conferred. Applying the law of Florida to a Utah state-law claim constitutes reversible error. That is particularly acute in the present case as Utah law holds diametrically opposed to Florida law.

The Court is required to apply the law of the state at issue. *West v. American Tel. & Tel. Co.*, 311 U.S. 223, 236-237 (U.S. 1940). It is not free, as GEICO urges, to decide Florida has the better approach nor is it free to simply ignore Utah law and substitute its own judgment in contravention of Utah law. *Id.*

Utah law is clear. Utah federal and state courts have decided rendering a service which permits an insurer to execute its duties to insureds and claimants constitutes a direct benefit to the insurer. *Benchmark,* 2013 WL 3479682, *EPIC*, 167 P.3d 1080. GEICO's argument to apply the wrong law is without merit.

This error, too, is compounded by GEICO's argument the "real" beneficiaries of Plaintiffs' repair services are the customers, not the insurers. Not only is this a holding of Florida law, which does not apply, GEICO misrepresents Utah law, which does. GEICO argues the *Jones* case holds that where a third person benefits from a contract between two others, that person may be held liable for the services requested. *Jones* makes no such pronouncement. This is a fabrication of GEICO.

As set forth in *Jones*, as well as many other Utah cases, it is irrelevant whether or not a third person also benefits from the services conferred. Utah authority has unequivocally stated: "[I]t is not an element of quantum meruit that the benefit run exclusively to the party from which compensation is sought." *EPIC*, 167 P.3d at 1085. See also, *Benchmark*, 2013 WL 3479682 at *4.

-10-

Thus, under clear and unambiguous Utah law, it is irrelevant whether or not someone other than GEICO (or any other named defendant) benefitted from Plaintiffs' services.  It is not an element of the claim that GEICO (or any other named defendant) be the exclusive beneficiary of Plaintiffs' services.  What is relevant is GEICO (and all other named defendants) are liable for payment for the services rendered.

As to the contents of the complaint, GEICO affirmatively misrepresents the same.  GEICO argues "Plaintiffs here identify no statutory, constitutional or contractual obligation for the repairs Plaintiffs allege they performed."  GEICO's argument intentionally misstates the complaint.  Plaintiffs have never alleged GEICO or any other insurer is responsible for performing repairs, but do and have always asserted the Defendants are responsible for paying for repairs performed, an obligation Plaintiffs identified in the complaint.  See Second Amended Complaint, ¶¶ 35, 43, 360-61 and FN 4.

GEICO suggests, without explanation, this is "implausible."  Explanation, though is not required, as it is prohibited for[7] the Court to accept whatever hypothetical GEICO may conjure. *Benchmark* makes clear an insurer is obligated and has a duty to pay for repairs of covered damages.[8]  As set forth in the complaint, the Plaintiffs identified Defendants' duty to pay for repairs,  the Defendants, including GEICO, have acknowledged the obligation to pay for repairs by making partial payment.  To now suggest Plaintiffs' assertions are "implausible" is absurd.  Defendants have admitted to this obligation and *Benchmark* affirmatively recognizes both the obligation and the

---

[8]"Auto–Owners still had a duty, to its unidentified insured, to pay for the repair work. Benchmark's performance of the repairs satisfied the duty owed by Auto–Owners and relieved it of its obligation to its insured. Therefore, the court DENIES Auto–Owners' Motion for Summary Judgment and Benchmark is entitled to pursue its claim on the merits of the case."

benefit.  As Defendants' actions and Utah authority support Plaintiffs' allegations in the complaint, the only implausibility is the assertion by GEICO.

Request for Services

GEICO did not provide a discrete response to Plaintiffs' Objection to the Report's creation of a new element of state law by requiring that a request for services originate from the Defendants. Instead, it is referenced in passing as a commingling with other arguments.

First, GEICO provides no argument or authority whatsoever that Utah law requires as an element of quantum meruit that a request for services (or goods) must originate from the named defendant before a cognizable claim may lie.   As this point was not addressed, Plaintiffs assert GEICO concedes there is no such element under Utah law and that requiring the same be pled (and subsequently proven) constitutes creation of a new element of Utah state law.

Second, GEICO failed to address the effect of the Report's requirement that a request must originate from the Defendants upon Utah authority reserving the choice of repairer to the consumer. As pointed out, by requiring the request for services originate from the Defendants, the Court is not merely creating a new element of state law, it nullifies this regulatory protection of consumer choice. The Defendant insurers have a nondiscretionary duty to pay for repairs on their insureds' and claimants' vehicles which may not be made contingent upon choice of repairer, nor is it contingent upon the insurer requesting repairs.  The Court is therefore prohibited by Utah regulatory authority from creating an element of a quantum meruit claim that request for repair services originate from the Defendant insurers.

As GEICO did not address this authority, Plaintiffs assert GEICO concedes the creation of a request element violates corollary state authority and may not be permitted to stand.

Affirmatively, GEICO's only argument on this issue appears in its argument regarding existence of a benefit.  As part of its false argument that *Jones* has "overruled" *EPIC* and *Benchmark* (by way of footnote)*,* GEICO asserts requiring a request from defendants does not create a new element of quantum meruit but is mandated by the holding in *Jones.*  However, as discussed above, *Jones* does not hold as GEICO asserts.

As discussed at length in the Objections, Utah law looks to whether the defendant's receipt of benefit was direct or merely incidental to the services rendered.  If incidental, there has been no unjust enrichment unless something else occurs, such as the incidental beneficiary requested the performance, plaintiff was mislead by the incidental beneficiary or similar action.  *Jones*, 355 P.3d at 1019-20.

The issue of whether or not services were requested or another exception applies only arises if the Defendants were incidental beneficiaries.  Utah law says the Defendants are direct beneficiaries.  *Benchmark* holds directly on point–no interpretation required–that a vendor who performs repair services to the property of an insured confers a direct benefit upon the insurer as this satisfies the insurers duty to pay for repairs.

As Utah law affirmatively holds a direct benefit has been conferred by Plaintiffs' rendition of repair services to Defendants' insureds and claimants, GEICO's arguments are legally without merit.

<u>     Duty to Repair</u>

     Plaintiffs objected to the Report's conclusion Plaintiffs had failed to allege Defendants have a duty to repair vehicles.  Plaintiffs pointed out they never alleged Defendants had a duty to actually perform repairs, they have a duty to pay for repairs to the vehicles of their respective insureds and

claimants and identified the specific paragraphs in the complaint where such allegations are set forth. Plaintiffs further identified on-point Utah authority which stated insurers do have this duty.

By way of response, GEICO echoed the Report's error as to the contents of the complaint, stating, "Plaintiffs identify no statutory, constitutional or contractual obligation for the Defendants to perform the repairs Plaintiffs allege they performed." As noted above, this is a factually inaccurate representation of the complaint's content.

As GEICO otherwise failed to respond to the argument and authority set forth in the Objections, and affirmatively misrepresents the contents of the complaint, Plaintiffs assert GEICO has conceded the duty of insurers to pay for repairs to the vehicles of insureds and claimants.

<u>Defendants failed to pay for the benefit conferred</u>

In their Objections, Plaintiffs pointed out the Report erred in concluding the complaint failed to allege the Defendants failed to pay for the benefit conferred upon them.  The Report concluded this on the unsupported assertion that Plaintiffs had no reasonable expectation of receiving more payment than they had already received due to Defendants consistent history of refusing to make full payment.

Plaintiffs pointed out Utah law does not have as an element of quantum meruit that no payment at all is required before a claim for quantum meruit will lie.  Plaintiffs provided the Court with multiple Utah authority permitting a quantum meruit claim to go forward when partial payment has been made, and, of particular importance in this case, when full payment has been refused over the course of several years.

This was the fact pattern in *EPIC*, where the responsible party, the county, consistently and over the course of years, refused to pay more than it unilaterally decided it owed.  The Utah Supreme Court refused to sanction this, permitting the plaintiff, EPIC, to seek additional compensation for the unpaid amounts under quantum meruit.  This is also the fact pattern set out in Plaintiffs' complaint–they performed services but Defendants refused to make full payment for services performed above what they chose to pay.

GEICO's arguments misrepresent the contents of the complaint and fail to address the affirmative Utah authority which negates its arguments.  Instead, GEICO asserts Plaintiffs cannot have reasonably expected to be paid more for their services "because they agreed to perform the repairs at certain prices."

This is a false statement.  Nowhere in the complaint do the Plaintiffs state they agreed to perform repairs at certain prices.  On the contrary, the Plaintiffs repeatedly assert they were given no choice, that attempts to collect payment due are met with economic coercion, threats, defamatory conduct and similar methods to force Defendants' will upon the Plaintiffs,  that given the dominant hold of Defendants in the state private passenger auto market, nearly all body shop customers are insurance-paying customers and to turn away insurance paying-customers would mean bankruptcy.

Plaintiffs supported these allegations with numerous examples of exactly these types of behavior.  By no stretch of the imagination can these allegations and supporting factual examples be reasonably construed as voluntary agreement to perform work at certain prices.  More importantly, the Court is prohibited from drawing inferences negative to the Plaintiffs based upon

these facts.  Under Utah law, Defendants' consistent behavior does not extinguish the claim of quantum meruit, it ups the damages Plaintiffs are due.

        Reasonable compensation required regardless of Defendants' habitual conduct

        As Plaintiffs pointed out in their Objections, Utah law of quantum meruit does not consider whether the debt has been satisfied from the Defendants' point of view. It looks to whether a plaintiff has received reasonable compensation for work performed.

        Plaintiffs cited substantial Utah authority for this state rule of law.  GEICO failed to address the Utah authority which contradicts the Report and its own arguments.   Instead, GEICO muddies the waters by asserting reasonable compensation is a remedy not an element of the claim and therefore Plaintiffs have no right to a jury determination of the value of their services.   GEICO misrepresents Utah law.

        Under Utah law, quantum meruit claims have three elements, the third of which is there must be acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit **without payment of its value**.  *Allen v. Hall*, 148 P.3d 939, 945 (Utah 2006).  See also, *Rawlings v. Rawlings*, 240 P.3d 754, 763 (Utah 2010), *Jeffs*, 970 P.2d at 1248.

        Utah law specifically incorporates value of the benefit conferred as an element of the claim. Plaintiffs have alleged they have not received the value of their services.  They are entitled to present

evidence of value and to have the value determined by a jury, as value is a fact question reserved to jury determination.[9]

Therefore, whether or not Plaintiffs believed (reasonably or unreasonably) Defendants would pay the full bill at the time repairs were performed is irrelevant. Utah law holds the Plaintiffs are entitled to reasonable compensation for their work.

Plaintiffs have alleged all necessary elements of a quantum meruit claim under Utah law. They have alleged they conferred a benefit upon the Defendants, which is affirmatively recognized under Utah law. Defendants have admitted the repairs were performed.  Plaintiffs have alleged Defendants had knowledge of the benefit.  The complaint specifically notes the Defendants' acknowledgment of the benefit through partial payment and improper intervention in the repair process.  Defendants have repeatedly admitted they have knowledge of the repairs.

The Plaintiffs have alleged they have not been paid the value of their work as a result of underpayment for repairs and complete failure of payment for repair procedures specified in an exhibit to the complaint.  Utah law specifically provides that Defendants have been unjustly enriched if they receive benefits without payment of its value and Defendants have admitted they have failed to make full payment for the repairs performed.

---

[9]*Jones v. Mackey Price Thompson & Ostler*, 355 P.3d 1000, 1017 *(*Utah, 2015)(trial court erred by refusing to allow jury determination of reasonable value of services rendered*), Hatch v. Sugarhouse Fin. Co.*, 20 Utah 2d 156, 157, 434 P.2d 758, 759 (1967)(a party is "entitled to have its day in court in respect to the quantity and the reasonable value of the services rendered..."),  *Foulger* v. McGrath, 34 Utah 86, 95 P. 1004, 1005 (1908) (reasonable value of labor and material used to construct buildings properly submitted to jury on theory of quantum meruit).

Under binding Utah law, Plaintiffs are entitled to move forward to discovery on their quantum meruit claim. GEICO's arguments to the contrary violate that binding state law. GEICO's arguments further violate federal pleading standards as the Court is prohibited from making factual determinations upon a motion to dismiss. GEICO's arguments are wholly without merit and contradict binding state law.

Affirmative Defenses

The Plaintiffs asserted they are entitled to quantum meruit for unpaid and underpaid repairs for which the Defendant insurers are obliged to make payment. Plaintiffs alleged the Defendants have not made full payment for necessary repairs and have habitually failed and refused to do so. Plaintiffs further alleged that attempts to obtain proper payment has resulted in economic retaliation, threats, coercion, defamatory conduct and similar malfeasance to forcibly impose the Defendant insurers' will upon the Plaintiffs.

GEICO provides no argument or authority to negate the state and federal authority provided in opposition to the Report's conclusions. Instead, GEICO merely repeats the factually inaccurate statement that Plaintiffs could not have reasonably expected to be paid more than they agreed to accept for the repairs. As the complaint nowhere contains any statement that Plaintiffs entered voluntary agreements with the Defendants insurers on payment amount, GEICO's argument is predicated upon fabricated facts. Further, GEICO points to no allegations of the complaint which set out a voluntary waiver of Plaintiffs' legal right to seek unpaid balances due, or any facts suggesting Plaintiffs misled GEICO (or any other Defendant) into changing their position in detrimental reliance upon Plaintiffs' (absent) misrepresentation such that estoppel may be applied.

-18-

As GEICO as failed to rebut Plaintiffs' authority and argument, Plaintiffs submit GEICO concedes the issue the Report improperly creates affirmative defenses on behalf of the Defendants, defenses the Defendants themselves have not asserted as they have not yet answered the complaint.

"Failure" to pursue alternative courses of action

The Plaintiffs objected to the Report's conclusion the quantum meruit claim must be dismissed because there were "alternatives" available the Report believes could have been exercised prior to or contemporaneous with the commencement of repairs.  Plaintiffs provided authority that a plaintiff is not required to have explored and exhausted alternatives before a party may seek legal assistance to collect an unpaid bill.  The Objection further provided state law authority and directed the Court to contents of the complaint setting out why each of the purported alternatives was not required by law nor feasible in reality.  Plaintiffs further pointed out the Report contained absolutely no Utah authority which required exhaustion of supposed alternatives before a quantum meruit claim may go forward.

The only argument GEICO forwards is to quote from the opinion issued by the Court in another case unrelated to the present one predicated upon facts purportedly asserted in the complaint in that separate case.  Other than being in the same MDL, the Plaintiffs in this case have no connection to those in the *Crawford* case.  The complaints are not identical, they assert multiple different facts, claims and causes of action and, perhaps most importantly, arise under the law of Illinois, not Utah.

GEICO provides no authority for any of the Report's conclusions, either.  Instead, GEICO suggests that because the Plaintiffs were under no legal or moral compulsion to perform repairs, then

they could have refused to make the repairs.  As a motion to dismiss tests a complaint against the elements of the claim, GEICO's argument fails, just as the Report's conclusion fails.  Legal or moral compulsion is not an element of the claim

As GEICO has failed to cite any legal authority requiring a business to exhaust all hypothetical choices (apparently even those which are unreasonable), Plaintiffs submit GEICO has conceded such alternative exhaustion is not an element of a quantum meruit claim under Utah law.

One final point on this issue.  In footnote 8, GEICO states that although Plaintiffs are free to set their prices as they see fit, GEICO is under no obligation to pay them.  In fact, in the absence of a legal contravention excusing a surety from paying the liability incurred, GEICO is required to pay them, just as policyholders are required to pay the premium charged by GEICO for their insurance.  Undoubtedly if a policyholder attempted to pay less because that was all they felt the policy was worth, GEICO would cancel the policy and keep the premiums paid to date. *Benchmark* holds an insure is obligated to pay.  GEICO is simply wrong.

Negotiation is not an element of a quantum meruit claim under Utah law

Plaintiffs pointed out that negotiation is not a required element of quantum meruit.  GEICO's provided no authority on this point.  Plaintiffs therefore assert GEICO has conceded this issue.

Plaintiffs are not required to enter contracts with Defendants prior to commencing repairs

Plaintiffs pointed out that Utah law does not require a party to enter or attempt to enter a formal contract with a defendants prior to rendition of services for a claim of quantum meruit to lie. It is not an element of the claim under Utah law.  GEICO provided no argument or authority contrary to Plaintiffs' Objections on this point.  Plaintiffs therefore assert GEICO has conceded the issue.

Existence of a contract

GEICO argues the Plaintiffs have conceded the existence of a contract between themselves and their customers on pages 28-32 of the Plaintiffs' Objections. Based upon this purported contract existence, GEICO argues the claim for equitable relief must be dismissed.

GEICO's argument is predicated upon non-existent content of Plaintiffs' Objections, misrepresents the contents of the Report and Recommendation and, again, the misrepresents contract enforcement law. GEICO's arguments are strawman creations.

The Report and Recommendation affirmatively adopted argument of defense counsel that each transaction between the Plaintiff shops and the Defendant insurers created an enforceable contract and therefore the equitable remedy of quantum meruit is beyond Plaintiffs' reach. It did not, however, conclude the existence of contracts between the Plaintiffs and third parties.

It was to the Report's actual, though flawed, conclusion that Plaintiffs responded to, pointing out several errors of fact and law, to wit: (1) nowhere within the complaint do Plaintiffs allege the existence of any contract with any Defendant; (2) as this allegation does not exist in the complaint, the assumption of the existence of a contract violates clear Supreme Court and other binding authority requiring the Court accept the allegations of the complaint as true and prohibiting the Court from accepting arguments of defendants made in motions to dismiss; (3) as Plaintiffs do not allege the existence of any contracts with any Defendant in the complaint, dismissal upon this basis constitutes improper application of an affirmative defense as grounds for dismissal which is reversible error; (4) assumption of the existence of any contracts also violates affirmative Utah law, which requires the party asserting the existence of a contract prove its terms and prove such a

contract was the product of mutual assent; (4) the Report erred in deciding the existence of these contracts and that they are enforceable without ever knowing the non-existent contracts' terms and whether or not those non-existent terms apply to the present controversy.

Nowhere do Plaintiffs argue the existence of any contracts between any Plaintiffs and anyone. GEICO's assertions Plaintiffs argued such is a complete fabrication.  Presumably, this fabrication is intended as a precursor to the affirmative defense of contract, but if so, it merely creates the classic issue in controversy.  As Utah holds, it is inappropriate to dismiss an equitable claim if the existence or applicability of a contract remains in dispute. *Northgate Vill. Dev., LC v. Orem City*, 325 P.3d 123, 133 (Utah Ct. App. 2014).

As Plaintiffs have not alleged the existence of any contracts with anyone, only the Defendants argue the existence of contracts, at a minimum, there is an existing dispute as to the existence and applicability of these hypothetical contracts such that dismissal is inappropriate.  That is particularly apt here, where the basis of GEICO's argument as to the existence of contracts is predicated wholly upon its own fabrication of the content of Plaintiffs' Objections and the content of the Report.

GEICO's arguments that Plaintiffs must exhaust legal remedies under the non-existent contracts before they may allege a quantum meruit claim is also an affirmative misrepresentation of Utah law, as well as the contents of the Report and Recommendation.

Plaintiffs did not address this point in their Objections because it did not form part of the Recommendations made.  As such, GEICO is impermissibly introducing new arguments while misrepresenting them as the Report's conclusions and purported rebuttal to Plaintiffs' Objections,

clearly an attempt to persuade the Court to adopt the dismissal on separate, wholly fabricated grounds. This was not a conclusion of the Report and the improper argument should be disregarded.

However, beyond this, GEICO's arguments are without legal support. As the complaint does not allege the existence of a contract and the Court is prohibited from inferring the existence of a contract (as doing so would constitute a violation of the prohibition against accepting Defendants' arguments and nondiscretionary duty to accept the allegations of the complaint as true), the matter may only be raised as an affirmative defense, which GEICO has not pled and for which GEICO will bear the burden of proof and persuasion should it choose to do so.

Further, Utah law is not as GEICO would wish the Court to believe. Under the facts asserted in the complaint, the Defendants are the parties financially responsible for repairs made upon the vehicles of Defendants' insureds and claimants. The Defendants have acknowledged this duty by making partial payment for those repairs. No contract exists between the Plaintiffs and Defendants. There exists no avenue of "legal" relief available to the Plaintiffs against these Defendants, the responsible parties.

These are the allegations of the complaint. The Defendants are free to dispute them but the Court is not free to accept or apply an alternate set of facts not alleged in the complaint. Nor is the Court permitted to substitute its own, preferred scenario in place of the allegations of the complaint, nor disregard the allegations of the complaint as "unpersuasive" in the absence of meeting the Supreme Court's bright line test for disregarding complaint allegations–a complete disassociation from reality, such as claims about little green men, or the plaintiff's recent trip to Pluto, or

experiences in time travel.")(*Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009)(internal punctuation omitted).

The allegations of the complaint clearly do not meet this standard.  Merely because the Defendants urge the Court to accept an alternate reality does not mean the Court can or should do so.

Further still, Utah law does not permit dismissal under the current circumstances.  Even if the Plaintiffs had "admitted" to the existence of contracts with anyone, which they have not, they are still permitted to assert claims for equitable relief in the alternative.  Such claims may only be dismissed after the existence of an enforceable contract covering the subject matter has been found. *E & H Land, Ltd. v. Farmington City*, 336 P.3d 1077, 1087, cert. denied sub nom. *E & H v. Farmington*, 343 P.3d 708 (Utah 2015), *Northgate Village*, 325 P.3d at 133.  See also, *USAA Mut. Funds Trust v. Jordanelle Special Serv. Dist.,* 2015 WL 8489959, at *8 (D. Utah Dec. 9, 2015).

The Court is prohibited from accepting GEICO's bald assertions that "Plaintiffs have written agreements governing the subject matter of their quantum meruit claims."  Plaintiffs have not alleged any such thing and the Defendants have produced no such thing.

## **TORTIOUS INTERFERENCE**

### Law of the Case

Plaintiffs' Objection pointed out that the prior Report, as adopted by the Court, found only one purported pleading deficiency but in all other respect adequately stated a claim for tortious interference, an alleged failure to identify which defendants interfered with which plaintiffs.  In all

other respects, the prior Report found the Plaintiffs had sufficiently alleged a claim for tortious interference.

In response, GEICO argues there is no inconsistency between the prior Report and Order and the current Report.  GEICO further argues, again, the law of the case doctrine does not apply.  With respect to the former, GEICO misrepresents the holding of the Court.  As quoted by Plaintiffs in their Objection, the Court adopted the Report's finding:

> The only basis given by the Court in previously dismissing Plaintiffs' tortious interference claim was Plaintiffs' purported failure to sufficiently identify which Defendants interfered with which Plaintiffs' business prospects. *Alpine Straightening Sys.,* 2015 WL 1911635, at *1 (M.D. Fla. Apr. 27, 2015). No other basis for dismissal was provided. Plaintiffs were provided the opportunity to amend and did so, expressly clarifying that each Defendant had tortiously interfered with the business prospects of each Plaintiff. Plaintiffs even provided examples of such interference, both successful and unsuccessful. Plaintiffs were specifically told all other allegations were sufficent to set forth a claim for tortious interference:

> Plaintiffs allege that "Defendants have employed improper means since steering is contrary to Utah statutory, regulatory, and/or common laws [sic]" (FAC, ¶ 117). The references to unidentified provisions of Utah law are unhelpful, and Plaintiffs should provide specificity or omit them from any subsequent amended complaint. But, and contrary to the arguments of the State Farm Defendants, Plaintiffs need not identify the specific statute, regulation, or common law rule Defendants conduct violated in order to state a claim. See *Johnson v. City of Shelby, Mississippi*, 136 S.Ct. 346, 346 (2014) ("Federal pleading rules call for 'a short and plain statement of the claim showing that the pleader is entitled to relief; they do not countenance dismissal

-25-

> of a complaint for imperfect statement of the legal theory supporting the claim asserted.").  Plaintiffs have alleged conduct-including disparagement of their businesses-that, if proven, would constitute improper means of interference (See FAC, 89–92).

*Id.* at \*7 (M.D. Fla. Apr. 27, 2015).

As the current Report finds diametrically opposed to this previous conclusion, adopted as an order by the Court, GEICO's assertion there is no "inconsistency" is plainly inaccurate.

With respect to the second contention, that law of the case does not apply to interlocutory orders, Plaintiffs fully addressed this issue above and incorporate the same here so as to avoid unnecessary repetition.  GEICO's argument is without merit, as, among other reasons, it intentionally misrepresents authority on this point.

Violation of statute is not a predicate requirement for a tortious interference claim

In their Objections, Plaintiffs pointed out the Report erred by finding it a requirement that a statute must provide a private right of action before a claim for tortious interference may lie. Plaintiffs further pointed out that no case under Utah law could be found which held to this effect and that in each case cited by the Report, the plaintiffs were seeking relief directly under the statute, not as the improper means of a tortious interference claim.

In Response, GEICO argues this is incorrect and cites to *Brockbank v. JPMorgan Chase Bank, N.A.* for this. GEICO has fabricated this conclusion.  The plaintiffs in Brockbank never alleged

a claim for tortious interference with business relations as the Plaintiffs in this case have.  Those

plaintiffs alleged tortious interference with contract, and the courts dismissal of this claim was not

based upon lack of a private right of action under a statute but upon other well-established rules of

law, the economic loss rule and the rule that one may not be liable for tortiously interfering with

one's own contract. *Brockbank v. JPMorgan Chase Bank, N.A.*, 2012 WL 1142933, at *5 (D. Utah

Apr. 4, 2012).  The *Brockbank* claim for violation of the Home Affordable Modification Program

was dismissed because that statute provided no private right of action.  *Id.* at *3.

GEICO also cites *Cannon v. Travelers Indemnity Company* for this same purpose.  This, too,

misrepresents the authority cited.  The plaintiff in *Cannon* sued directly for violation of the Utah

Unfair Claims Settlement Practices statutes and rules. The plaintiff did not assert any tortious

interference claim at all and the court made no holding or statement regarding the statute's ability

to stand as a basis for a tortious interference claim.  *Cannon v. Travelers Indem. Co.*, 2000 UT App

10, ¶? 23, 994 P.2d 824, 828.

GEICO's arguments are, as stated, wholly fabricated and affirmatively misrepresent

authority.

As GEICO's only arguments on this point are demonstrably false and wholly fictitious,

Plaintiffs assert GEICO has failed to rebut Plaintiffs' Objections and has de facto conceded

Plaintiffs' arguments and authority are correct.

_____Additional improper means and methods_

_____As Plaintiffs pointed out in their Objection, the only basis for the Report's blanket rejection

of the tortious interference claim (other than specific designated instances) was that Utah law does

not permit statutory violation to constitute the improper mean utilized in the interference unless the statute at issue provides for a private right of action.  Although, this is an inaccurate statement of Utah law, the conclusion of dismissal is puzzling and incorrect, as violation of statute is only one of several methods of tortious interference.  Utah recognizes improper means to include violations of recognized common law rules, threats or other intimidation, deceit or misrepresentation, defamation or disparaging falsehood.  The complaint asserted many such improper means, which the Court originally recognized when it found the Plaintiffs had sufficiently alleged a tortious interference claim.

The Report's conclusion thus not only violates the law of the case, it fails to account for an entire body of Utah law which requires the claim be permitted to go forward.

GEICO's response to this is to assert that the Court is not required to infer a claim on behalf of the Plaintiffs.  Respectfully, yes, the Court is just so required.  As noted at length in the Objections, the Court is required to analyze the entirety of Plaintiffs' complaint, and it is required, upon review of the entire complaint, to accept as true the factual allegations of the complaint and to draw all inferences favorable to the Plaintiffs.  *Twin City Fire Ins. Co.*, 609 F. App'x 972, 976-77 (11 Cir. 2015).

As pointed out in the Objections, the Report gave improper short shrift to the examples of tortious interference provided, not only the successful ones but also the unsuccessful ones.  Plaintiffs concede the unsuccessful attempts do not accrue damages for the Plaintiffs, but they do support Plaintiffs' claim.  They show Defendants are engaged in exactly the illegal behavior alleged in the complaint.  As they do support the allegations of the complaint, the Court is indeed required to

-28-

provide all favorable inferences from those facts in favor of the Plaintiffs.  GEICO's argument to the contrary is in direct violation of binding authority.

Also contrary to GEICO's argument, Plaintiffs are not asking the Court to "fill in the missing pieces."  Discovery will fill in the missing pieces, as that is exactly what discovery is for, finding proof and evidence to support the parties' claims.  *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D. 281, 283 (C.D. Cal. 1998).  See also, *Anderson v. Cryovac, Inc.*, 862 F.2d 910, 929 (1st Cir. 1988), aff'd, 900 F.2d 388 (1st Cir. 1990), *Reidhead v. Arizona*, 2014 WL 2861046, at *3 (D. Ariz. June 24, 2014), *Favreau v. Walmart Stores E., L.P*, 2011 WL 721504, at *1 (M.D. Fla. Feb. 22, 2011), *Taylor v. Greene*, 2010 WL 5248502, at *3 (S.D. Fla. Dec. 16, 2010), 8 Wright & Miller, *Federal Practice and Procedure: Civil* § 2001 (1st ed. 1970).

Ironically, in its last argument on this issue, GEICO actually concedes that the law of another state does not apply to Utah claims.  This is a change, as GEICO repeatedly campaigned to apply Florida law to Utah state law claims.  However, the concession is misplaced.

The Plaintiffs pointed out the Utah Report is inconsistent with one issued just a couple weeks earlier in the Tennessee Action.  As Plaintiffs pointed out in their Objections, the Tennessee Report recognized the complaint alleged the Defendants do not guarantee repair work performed by any repair shop but statements by Defendants they would guarantee work performed at preferred shops is false and misleading, and could plausibly prevent the formation of business relationships.

Just as in Tennessee, the Utah Plaintiffs alleged that Defendants do not guarantee repairs regardless of who does the work.  Assuming this to be true, as the Court is required to do, the conclusion should be the same–Defendants statement they would guarantee work performed only

at its preferred shops is false and misleading, the intent being to prevent a business relationship from fully forming with one of the Plaintiffs. This inference does not rely upon a peculiarity of state law, but upon application of the federal requirement the Court draw all inferences favorable to the Plaintiffs, which the Report did in Tennessee as to this point, but drew a contradictory conclusion in Utah.

Neither the Utah Report nor GEICO provides any authority from any state or federal authority as to why the Report is permitted to draw a negative inference, particularly when, as here, it has already recognized the favorable one and applied it.

Plaintiffs are entitled to all favorable inferences to be drawn from the allegations set forth in the complaint. They are entitled to have all facts viewed in their entirety, not piecemeal. They are entitled to application of required federal standards of review. GEICO provides no argument nor authority that Plaintiffs are not entitled to these legal requirements. GEICO's arguments are therefore wholly without merit.

       Shotgun Pleading

       The Plaintiffs objected to the Report's finding of shotgun pleading for both claims of quantum meruit and tortious interference. The Plaintiffs pointed out that shotgun pleading is defined as the incorporation by reference of all preceding paragraphs and that such incorporation does not exist with the complaint. Plaintiffs further pointed out there is no authority permitting the Court to infer the existence of incorporation by reference.

The plaintiffs in a companion case did initially include incorporation by reference and were ordered to desist. Here, the Report recommends dismissal for not incorporating and therefor the

complaint constitutes an improper shotgun pleading.  The effect is to place the Plaintiffs in a
"damned if you do, damned if you don't" dilemma, the court having closed every possible method
and manner of pleading.  Plaintiffs respectfully request the Court make a conclusive determination
whether shotgun pleading is defined by the inclusion or absence of incorporation by reference and
Plaintiffs will follow the Court's direction.

GEICO's response to this is merely to parrot the Report and agree that it was correct.
However, GEICO provides no authority permitting the Court to infer shotgun pleading in the absence
of incorporation by reference.  As such, Plaintiffs submit GEICO has conceded that no incorporation
by reference exists and thus, no shotgun pleading exists.

        Group Pleading

        Plaintiffs objected to the Reports finding of shotgun pleading, specifically predicated upon
the Report's explicit making of credibility determinations.  GEICO asserts the Report made no
credibility determinations.  However, GEICO's disingenuous argument is not credible.  The Report
explicitly stated it was making the group pleading determination because it was choosing not to
believe Plaintiffs' assertions that each Defendant interfered with each Plaintiff.

The Court is required to accept the allegations of the complaint as true.  The Court is
therefore required to accept the Plaintiffs assertion that each Defendant made to persons who
identified a Plaintiff as the repairer chosen false, misleading or slanderous statement, or exerted
economic coercion upon those persons.  The Court is required to accept as true each Defendant took
these actions with respect to each Plaintiff.  These statements must be accepted as true because they
do not contain any legal conclusions, nor do they merely recite the elements of the claim.

By choosing not to believe these statements, the Report made the determination they were false.  Choosing what and who to believe is the very definition of a credibility determination.  It is also a violation of the Court's nondiscretionary duties to accept the allegations of the complaint as true and to draw all inferences favorable to the Plaintiffs.  GEICO fails to address these points and fails to cite any authority permitting the Court to disbelieve the allegations of the complaint where those allegations do not meet the very high, bright line rule established by the Supreme Court:  The trial court may not disregard facts asserted in the complaint unless they are of such fantastical quality as to defy reality as we know it, such as claims of time travel or encounters with space aliens or recent trips to Pluto. *Ashcroft v. Iqbal*, 556 U.S. 662, 696, (2009).

Given the numerous specific examples of Defendants engaging in exactly the behavior described, the allegations of the complaint plainly do not rise to the level necessary for the Court to legitimately disregard them.

As was pointed out in the Objection, the Plaintiffs have identified which Defendants interfered with which Plaintiffs, the Report simply chooses not to believe it.  That is something the Court is not permitted to do.  GEICO's arguments are without merit as to tortious interference.

GEICO makes no argument regarding group pleading specific to the quantum meruit claim, merely says the Report was correct.  As GEICO provides no argument or authority in opposition to Plaintiffs' argument and authority on that claim, Plaintiffs submit GEICO has conceded no improper group pleading exists.

        Request for Authority

_____GEICO objects to Plaintiffs' request the Court provide certain points of authority in the event it decides to adopt the Report and Recommendation as the order of the Court.  GEICO expresses some degree of outrage at this request and implies Plaintiffs are quite improperly imposing upon the Court by doing so.  GEICO's outrage is misplaced.

Throughout their Objections, the Plaintiffs provided the Court with substantial authority, both state and federal, which directly contradicts the Report's findings and recommendations, or which affirmatively prohibits the Court from ruling as recommended.  Given the immediate history of companion cases, it can easily be imagined that should the Court adopt the Report and dismiss the Plaintiffs' state law claims on the grounds asserted in the Report, the Plaintiffs will appeal that decision.

Plaintiffs, however, wish to move forward with a clean record and should be given the opportunity to decide whether to move forward at all.  If there is, in fact, authority which contradicts that provided by Plaintiffs in opposition to the Report's conclusions, it benefits all concerned to have that legal authority in the record.  Certainly GEICO has not provided any such authority.

It is certainly permissible to request the Court provide legal grounds for its decisions and to provide citation to authority supporting those decisions.  It is also well within the Court's discretion to decline to do so.  It is merely a request, which the Court may accept or not.

_____Respectfully submitted, this the 5th day of May, 2016.

BREWER BODY SHOP, LLC, et al

BY:     ___/s/ Allison P. Fry___
          John Arthur Eaves, Jr.
          Allison P. Fry

-33-

Attorneys for the Plaintiff

John Arthur Eaves,
Attorneys at Law
101 N. State Street
Jackson, MS 39201
Telephone:     601.355.7961
Facsimile:      601.355.0530
allison@eaveslaw.com

CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Plaintiff's Objections to Magistrate's

Report and Recommendation has been served electronically via the ECF system  all counsel of

record registered to receive notice.

**/s/ Allison P. Fry**

-34-