UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALPINE STRAIGHTENING SYSTEMS, et
al.,

　　　　Plaintiffs,

v.                                                                      Case No:   6:14-cv-6003-Orl-31TBS

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, et al.,

　　　　Defendants.

_____

## ORDER

This case comes before the Court on GEICO General Insurance Company's

Motion to Strike Plaintiffs' Reply to GEICO's Response to Plaintiffs' Objections to

Magistrate's Report and Recommendation (Doc. 138).   The motion is due to be granted.

On March 25, 2016, the undersigned entered a report and recommendation on

Defendants' motions to dismiss Plaintiffs' state court claims (Doc. 127).   Plaintiffs

objected to the report and recommendation (Doc. 131).   Defendant GEICO General

responded to the objections (Doc. 134), and Plaintiffs filed a reply (Doc. 137).

Defendants motioned the Court to strike Plaintiffs' objections on the grounds that they

were filed out-of-time and exceeded the Court's limitation of 20 pages (Doc. 136).

Plaintiffs failed to respond to the motion to strike, which was granted on May 17, 2016

(Doc. 140).

Now, Defendant GEICO General argues that Plaintiffs' 33 page reply should be

stricken because it violates the limit of 5 pages established in Scheduling Order Number

Two (Doc. 42, ¶ 7).   Due to its length, Plaintiffs' reply does violate Scheduling Order

Number Two.   Plaintiffs could have, but failed to seek leave of Court for an enlargement of the page limitation.[1]   Accordingly, the reply is subject to being stricken.

Plaintiffs also could have, but failed to respond to the motion to strike their reply. When a party fails to respond, that is an indication that the motion is unopposed.   Foster v. The Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015); Jones v. Bank of Am., N.A., 564 F. App'x 432, 434 (11th Cir. 2014)[2] (citing Kramer v. Gwinnett Cty., Ga., 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004); Daisy, Inc. v. Polio Operations, Inc., No. 2:14-cv-564-FtM-38CM, 2015 WL 2342951, at *1 (M.D. Fla. May 14, 2015) (when defendant did not respond court could consider motion to compel unopposed); Brown v. Platinum Wrench Auto Repair, Inc., No. 8:10-cv-2168-T-33TGW, 2012 WL 333808, at * 1 (M.D. Fla. Feb. 1, 2012) (after party failed to respond, court treated motion for summary judgment as unopposed).

This is the second time Plaintiffs have failed to respond to a motion to strike their arguments in opposition to the report and recommendation.   Accordingly, the Court considers GEICO General's motion to be unopposed.   Plaintiffs' failure to respond also means the Court has not been provided with any reason why the motion to strike should not be granted.   For these reasons, the motion is **GRANTED**, and Plaintiff's reply (Doc. 137) to GEICO General's response is **STRICKEN**.

**DONE** and **ORDERED** in Orlando, Florida on May 31, 2016.

THOMAS B. SMITH
United States Magistrate Judge

---

[1] Plaintiffs were clearly aware of the page limitation and that it might be possible to obtain an enlargement (Doc. 138-1 at 2-4).
[2] "Unpublished opinions are not considered binding precedent, but may be cited as persuasive authority."  CTA11 Rule 36-2.

Copies furnished to Counsel of Record