# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ALPINE STRAIGHTENING SYSTEMS, et al.,

    Plaintiffs,

v.                                                                    Case No: 6:14-cv-6003-Orl-31TBS

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, et al.,

    Defendants.

## ORDER

This matter comes before the Court on the Report and Recommendation (Doc. 127) filed by Magistrate Judge Smith regarding three motions to dismiss (Doc. 104, 106-07) the Second Amended Complaint (Doc. 106).[1]  After considering the motions, the Plaintiffs' response (Doc. 111), and the replies (Doc. 113-14, 116) filed by the Defendants, Judge Smith recommended that all of the Plaintiffs' remaining state law claims be dismissed with prejudice – with one exception that is discussed *infra*.  (Doc. 127 at 17).  The Plaintiffs filed an objection (Doc. 131) to the Report and Recommendation, as did two Defendants (Doc. 129, 130).  On May 17, 2016, Judge Smith struck the Plaintiffs' objection on the grounds that it exceeded the permitted page count and was filed after the deadline for doing so.  (Doc. 140 at 1-2).

Judge Smith recommended that the Plaintiffs' tortious interference claim be dismissed with prejudice, aside from one instance of alleged interference involving Plaintiff Perk's Auto,

---

[1] Although the Second Amended Complaint contained claims under both state and federal law, the federal claims were dismissed by a separate order (Doc. 126).  Judge Smith therefore only addressed the Plaintiffs' state law claims in the Report and Recommendation.

Defendant Farmers Insurance Exchange (henceforth, "Farmers"), and one of Farmers' insureds, Jayme Montgomery.  The Plaintiffs had alleged that Farmers told Montgomery – who had taken her car to Perk's Auto for repairs – that she had to take the car to another repair shop.  (Doc. 102 at 54).  Judge Smith found that the Plaintiffs had failed to state a claim because they had failed to plead facts showing that Farmers' alleged interference had caused injury to Perk's Auto.  (Doc. 127 at 15).  However, Judge Smith could not rule out the possibility that Perk's Auto could replead so as to state a tortious interference claim.  He therefore recommended dismissal without prejudice as to the Montgomery claim.

In its objection (Doc. 129), Farmers argues in favor of dismissal with prejudice of the Montgomery claim on the grounds that the Plaintiffs have already had three chances to successfully plead a tortious interference claim.[2]  However, the Plaintiffs' tortious interference claim initially involved allegations that all of the Defendants had interfered with all of the Plaintiffs.  As to that claim, it is true that the Plaintiffs have had three opportunities.  But the allegations involving Farmers (individually) interfering with Perk's Auto (individually) as to Jayme Montgomery first appeared in the Second Amended Complaint.  The Court does not find that dismissal with prejudice would be appropriate on this basis.[3]

Defendant GEICO objects to some dicta from the Report and Recommendation that, in GEICO's view, might suggest that contracts existed between the Plaintiffs and the Defendants,

---

[2] Defendant GEICO General Insurance Company ("GEICO") also argues that Utah law permits insurers to require that their insureds utilize a particular repair shop, and therefore any interference by Farmers in sending Montgomery to another shop could not have been improper. (Doc. 30 at 4-5).  However, as this argument was not raised by Farmers, the Court will not consider it in regard to a claim that would only be asserted against that Defendant.

[3] Given that the Court has already dismissed the claims over which it had original jurisdiction, should Perk's Auto choose to replead the Montgomery claim , the Court will likely decline to exercise supplemental jurisdiction over it.  *See* 28 U.S.C. § 1367(c)(3).

when in fact the only contracts here were between the Plaintiffs and the Defendants' insureds. (Doc. 130 at 3).   While not finding that any such contracts existed, the Court does not believe this point requires clarification or correction.

Accordingly, it is hereby

**ORDERED** that the Report and Recommendation is affirmed, as set forth above.   And it is further

**ORDERED** that the Plaintiffs' state law claims are **DISMISSED WITH PREJUDICE**, with the exception of the tortious interference claim involving Jayme Montgomery, which is **DISMISSED WITHOUT PREJUDICE.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 21, 2016.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party